Opinion of the Court.
THIS was an action brought by' Pearson and Co. against Duckbam, for money laid out and expended by then\ to bis use. Non assumpsit was pleaded, and on the tijal it appeared from the evidence adduced by the plaintiffs, that they, as co-partners, and the defendant and another, were joint endorsers of a note executed to them by one Hume, for $2,346, negotiable and payable at the F rank fort Bank; that the bank discounted the note for the benefit of Hume; and the note not being paid when it became due, was protested for non; payment, on the third day of grace, and notice thereof given on the next day to the endorse! s, including the defendant, who resided in Frankfort; and that a few days thereafter, the note was paid by the plaintiffs to the hank. The jury found a verdict for $040 and 05 cents. ‘ *386 under an agreement of the parties, that if, from the ev salience, the plaintiffs had a right to maintain the action, judgment should be rendered according to the verdict; but if they had not a right to maintain the action, the verdict should be set aside and judgment entered for the defendant. And the circuit court being of opinion that ■the law was for the defendant, gave judgment for him, from which thq plaintiffs prosecute this writ of error.
Notion oftho protest of a note negotiated-at bank, given the next day after the protest, (the protest having been on the last day of grano,) is sufficient to charge the endorsers— all the parties living in the same town.
One joint endorser, who has paid the whole amount of a note negotiated at bank,cannot recover from another joint endorser his rateable part, without proving the insolvency of the payor.
Í. It is suggested, that tile circuit court decided in favor of the defendant, upon the ground, that the notice of the protest not being given until the next day after the protest was made, was insufficient,1 and that the endorsers were, inconsequence, discharged from their responsibility. But it has been settled by this court, that such a notice is good to charge the endorsers; and, of course, if that were the only objection to the plaintiffs’ right to recover, the judgment for the defendant would be erroneous. But there is another question of some difficulty presents itself. There was no proof given by the plaintiffs of the insolvency of flume, the payor of the note; and the question to which we allude, is, whether, without such proof, the plaintiffs could maintain the action?
2. There can be no doubt, that the defendant, as a joint endorser with the plaintiffs, was equally liable to the holder of the note, for its payment; and it is equally clear, that if Hume, the payor of the note, were insolvent or unable to reimburse to the plaintiffs the money they advanced in discharge of the note, the defen-■ dant would be bound to pay to them his aliquot part. In that case, the money paid by the plaintiffs would inure to the benefit of the defendant, to the extent of his proportion,-and might, with propriety, he said tobe money laid out and expended to his use. But if the payor of the note be solvent, the money paid by the plaintiff in discharge of it, inures immediately, as well as ultimately, to his benefit, and may certainly more ■properly be said to be money laid out and expended to his use, than it can be to the use of fhe defendant.
Anciently, where one of several sureties had paid the debt of the principal, the law afforded him no remedy against his co-sureties for contribution, and he was obliged to resort toa court of equity for relief, and he may undoubtedly still do so; but to a bill in equity for that purpose, the principal debtor is clearly a necessa:- *387 ry party; and'although, if he were-insolvent, the co-sureties would, in the first instance, be decreed to make contribution, yet if rt should-appear that the principal was solvent and able to' pay, he would be decreed (o refund the money advanced by the surety, without making the co-sureties contributory. In effect, therefore, the co-sureties are bound in equity, not absolutely, but eventually, to make-contribution; and although courts of law have, in modern time's, assumed jurisdiction in such cases, they ought and must be governed by the same principles which govern courts of equity in like cases; and as the latter only make-tlvc co-sureties liable to contribution in the event of the insolvency of the principal, courts of law ought not to go further.. This principle has been acted upon by the legisla-tur!, in the act giving toa surety who has paid the debts of the principal after judgment, a summary remedy by motion against his co-sureties; for, under the provisions of that act, such a motion can only be sustained in case of the insolvency of the principal debtor. ■ This- is a direct sanction of the principle by legislative authority, and we think it ought not to be departed from.
Judgment affirmed with costs.