Chief Justice Robertson
delivered the Opinion of the Court,
Baliard, as a co-surety, with Daniel, for Caperton, having paid the whole debt, obtained a decree against Caperton, for one half, and against Daniel for the other moiety thereof; and this writ of error is prosecuted to reverse the decree.
Daniel insists, that lie became bound as surety' at Ballard’s instance, and for Ballard’s benefit, and that, moreover, if he be equitably liable to Ballard for contribution to any extent, the decree against him is for too much.
Had Daniel proved, as he alleged in his answer, that he signed the joint obligation at the instance and for the benefit of Ballard, who received to his own use, in payment of a debt which Caperton owed, the whole amount for the loan of which, by the obligee, the joint bond was given, he (Daniel) would not have been liable to make any contribution whatever. For, though the liability of co-sureties to each other, does not result from any contract between them, but from the equitable principle, that the joint burthen should be borne equally by each ; nevertheless it is clear, that one is not under any equitable obligation to another, who, for his own benefit, induced him to become a co-suretyr. But this allegation in Daniel’s answer is unsustained by proof. He must therefore be deemed in eyeryr respect, a co-surety for Caperton.
The decree against Daniel, is for rather more than a moiety of the sum which h?d been paid by Ballard.
But there is a much more formidable and comprehensive objection than this, to the decree.
*297 The money paid by Ballard must, prima facie, be deemed to have been paid to the use of Caperton, the principal obligor ; and, as Daniel’s only equitable obligation is that of bearing his equal part of the burthen, and of sharing equally the risk of eventual loss, which devolved on Ballard and himself, as co-sureties, his liability to Ballard is altogether contingent, and depends on Caper-ton’s insolvency Pearson & Co. vs. Duckham, 3 Littell's Rep. 386. Poignard vs. Vernon &c. 1 Mon. 47.
As against Daniel, there is no proof of Caperton’s alleged insolvency. The answer of Caperton is not evidence against Daniel; and his solvency or insolvency is a fact neither charged nor presumed, to be within Daniel’s personal knowledge.'
Wherefore, as the record contains no intimation of Capertoii’s insolvency, excepting the allegation in the bill and the admission in Caperton’s answer, the decree against Daniel must be reversed.
As there is no defect of parties, but only a defect of proof to sustain the decree against Daniel, this court cannot open the case for further preparation or proof on either side.
But as Ballard is entitled to restitution of the whole amount which he paid, it is but equitable that the whole decree should be reversed, and the .cause re-manded, with instructions to render a decree, upon the general prayey for relief, against Caperton, for the whole amount paid by Ballard, as his surety, and to dismiss the bill as to Daniel.