CASE 32—PETITION EQUITY—OCTOBER 5,

## Williams vs. Williams.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

A testator, by his will, gave to his "*executors*" the power to sell his land, to be exercised only with the consent of his surviving wife. In a subsequent clause, he appointed his wife his executrix and sole representative. *Held*—That the power to sell was vested in the wife alone.

HARLAN & HARLAN for appellants.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This is an amicable petition for testing a power in a will. The testamentary power to sell the land, as now proposed to be sold, was undoubtedly given by the will of John Williams, deceased. The only question is to whom was it given? The clause on that subject gives the power to the testator's "*executors*," to be exercised only with the consent of his surviving wife. But, instead of appointing other persons executors, the testator, in a subsequent clause, appointed his wife executrix and sole representative to execute his will. The power was thereby vested in her alone. When he wrote the clause conferring the power he contemplated a plurality of persons, not including his wife, to execute the power with her consent; but afterwards he changed that purpose as to the mere mechanical execution of the power to be controlled by his wife's mind and discretion, but did not revoke the power, leaving it to be executed in form, as well as in substance, by the same controlling mind, without any other instrumentality. He evidently intended the sale of the land, if his wife should deem it expedient. She, therefore, was the substantial and ultimate donee of the power, even had he, as first contemplated, appointed others as the formal and initial donees. He, as evidently, intended that the formal or mechanical donee should be the executorial agency chosen by his will, and, by delegating that representative trust to his wife, the whole power—body and soul—was confided to her; and she alone may sell, without the advice or co-operation of any other person.

Wherefore, as the circuit court so decided, that judgment is affirmed.