## G. S. MITCHELL *v.* ANTHONY PHELPS ET AL.

Pleading—Petition by Surety on Guardian's Bond Insufficient—Demurrer.

　　A petition by a surety, against co-sureties on a guardian's bond, for contribution, that does not allege the insolvency of the principal, nor other reason why the amount could not be made out of him, does not constitute a cause of action, and is demurrable.

APPEAL FROM JESSAMINE CIRCUIT COURT.

December 21, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Luther A. Martin having been appointed statutory guardian by the Jessamine county court of Cornelia and LaBell Martin on the

6th of August, 1858, executed bond with Anthony Phelps and Lee W. Spears as his sureties, covenanting that said Luther A. Martin would faithfully discharge the trust of guardian to said minors, in all respects as required by law.

In a short time after his appointment Martin instituted suit in the Jessamine circuit court under *chapter 86 of the Revised Statutes,* praying for a judgment for a sale of a slave of his wards, executed a covenant as prescribed in sub-division *3, section 2, article 3,* of said chapter, with appellant as his surety, stipulating for a faithful discharge of all his duties as guardian under said act, and under any order, or decree of the court in pursuance thereof.

After alleging the foregoing facts in this suit brought by appellant against Phelps, and the executors of Lee W. Spears, he having died, he further alleges that after the sale of the slave under the judgment aforesaid, said Martin charged himself as guardian with the proceeds of the sale of said slaves as is shown by a settlement made by him with the county court of Jessamine county. That said wards having arrived at full age brought a suit against him for the price received for said slave by the said Martin as their guardian on the covenant executed by appellant as his surety in the circuit court, and recovered judgment therefor amounting to $456 besides costs expended by him, and he was compelled to pay the same, and charges that the sureties on the bond taken by the county court are responsible to him for said sums which he had been compelled to pay, or if not for the whole amount, they were at least legally bound to contribute as co-sureties, and prayed judgment accordingly.

Appellees demurred to the petition which was sustained, and appellant having failed to amend the same it was dismissed, and he has appealed.

If appellant's theory be the correct one that appellees and himself are co-sureties of Martin, and certainly that is the utmost for which they could be responsible. Their liability to him would be contingent and depend on the insolvency of Martin, and as it is not alleged in the petition that Martin, the principal, was insolvent, nor any other reason why the money therein demanded could not be made out of him, it failed to show a cause of action against appellees, and was properly adjudged insufficient on demurrer. *Daniel v. Ballard 2 Dana, 296; Bolling v. Doneghy, 1 Duvall, 220.*

Whether or not appellees can be compelled to contribute to appellant is a question, which has not been directly decided by this court, or if it has been we are not aware of the case. In *Johnson's heirs v. Chandler's heirs, 15 B. Mon., 584,* the question was alluded to; but as it was not directly presented for adjudication, the court declined to express any opinion on it.

In *Withers, &c., v. Heckman, 6 B. Mon., 293,* the question whether the sureties of the guardian taken by the county court could be made jointly responsible to the wards with the surety taken by the circuit court in a suit by the guardian to sell the land and slaves of his wards, for the proceeds, and it was decided in the affirmative. Still, that is not precisely the question raised in this case; and as the petition was properly dismissed for the reason stated, we need not anticipate a vexed question, not now absolutely necessary to be decided.

Wherefore, the judgment is *affirmed.*

*Bronaugh,* for appellant.

*Shanklin,* for appellee.