## David McKee v. John P. Campbell.

*Sureties: Bail bond: Contribution.* A surety on a bail bond is entitled to contribution from a co-surety for any payment in excess of his share, unless there is an agreement to the contrary, express or implied.

*Sureties: Money paid to the use of a co-surety: Contribution.* Where a surety paid his own half, and joined with his co-surety in a note for the other half, and was sued and suffered judgment on the note, and paid the judgment, such note is to be regarded as given for the sole debt of the co-surety, and the money as paid to his use; in such case the necessary costs are recoverable back, as well as the debt, as they were caused by the default of the latter, and paid under legal compulsion.

*Request to become co-surety.* The fact that one becomes co-surety at the request of another surety, raises no obligation against the person so requesting, to save the other harmless; there is a legal liability to contribute equally, unless changed by agreement.

*Payment under legal process: Waiver.* Payment under legal process cannot be held voluntary; and therefore is no waiver of a right to pursue the party who should have liquidated the debt and saved the necessity of such payment.

*Heard July 16.    Decided July 22.*

Error to Kalamazoo Circuit.

*O. T. Tuthill* and *H. F. Severens,* for plaintiff in error.

*Edwards & Sherwood,* for defendant in error.

27 MICH.—63.

CAMPBELL, J.

The suit below was brought to recover back a sum of money paid by Campbell upon a liability alleged to have arisen from certain transactions in which they were co-sureties. Having become joint bail for one Ginley, their bond became forfeited, and process was issued out of the United States district court to collect it. Campbell paid his half, and became jointly bound upon negotiable paper with McKee to raise money to pay the remainder, which he claims was McKee's share. This paper not being paid, they were sued upon it, and Campbell suffered judgment by default, which he paid. This suit is brought to recover back this money, and in the circuit court a recovery was had, which is now brought up for review on error.

Objection was made to proving this judgment, which was proven in connection with the note on which it was rendered. The objection urged was chiefly that no recovery could be had by a co-surety for costs.

The note in question was given for a debt which was all due from McKee, if he was bound to pay any of it. It represented no more than his half of the old joint debt, of which Campbell had paid his full share. This note, then, was, on plaintiff's theory, the individual debt of McKee, who as between himself and Campbell was principal debtor upon it, while Campbell was sole surety. All the money paid upon this demand was paid to McKee's use. He, then, as principal debtor, could not expect or require his surety to pay it, but was bound to pay it himself and prevent suit. Not doing so, it was his fault that the surety was subjected to suit, and he is bound to indemify him for all of his necessary outlays. The costs on default were the least to which a defendant can be subjected, and it would be a strange doctrine if a surety should be held lacking in duty to his principal for not paying his debts. Whatever may be the doctrine where the suit is merely for contribution (upon which no opinion is called for in this case) there

can be no doubt of the right to recover any unavoidable costs against a principal whose sole debt a surety has paid under legal compulsion.

The other questions most important to be considered, arise out of a claim set up by McKee that in fact he was induced to become bail for Ginley upon the obligation of Campbell to save him harmless, whereby the latter was bound, as between them to pay the whole. There was some conflict of evidence concerning what took place when the original arrangement was made. The court was asked to charge that if McKee became co-surety on the bail-bond at Campbell's request, he was not liable to contribution, and Campbell was bound to exonerate him. The court refused so to charge, but held the liability to contribute would exist unless there was some agreement or understanding to the contrary. We think the ruling was correct. The request made was put in the language of some *dicta* that have been repeated in a few text-books and decisions. But when the direct question has been raised, it has generally, at least, been presented on a distinct understanding. The law implies from all joint obligations a *prima facie* liability to contribution, which may be overcome by showing that one is bound to protect the other. This may be, either because he is a principal debtor on his own account, or because he has undertaken to save the other harmless. But the mere request to another to join him as a co-surety, would upon all ordinary rules of construction mean that he was to enter upon the same responsibilities, and become bound on equal terms. Such we conceive to be the doctrine of the authorities, in spite of some careless expressions which do not, we think, fairly interpret the doctrine applied. We find in several cases, not only discussion, but conflicting decisions, upon the question whether a positive agreement for such a modified liability could be created by parol,—which would have been an idle inquiry if a mere signing by request would operate as a claim to indemnification. The authorities which contain actual decisions upon the

point before us indicate that the change of responsibility must be founded on a plain understanding to that effect.— See *Batard v. Hawes*, 2 *El. & Bl.*, 287; *Apgar v. Hiler*, 4 *Zab.*, 812; *Barry v. Ransom*, 12 *N. Y.*, 462; *Norton v. Coons*, 2 *Seld.*, 33; *Chapin v. Merrill*, 4 *Wend.*, 657; *Daniel v. Ballard*, 2 *Dana*, 296; *Thomas v. Cook*, 8 *B. & C.*, 728; *Keith v. Goodwin*, 31 *Vt.*, 268.

It is also charged as error that the court told the jury that if McKee voluntarily paid to the marshal the money raised on the note to secure his own liability on the recognizance, he waived any indemnity from Campbell.

This was error. There was no evidence tending to prove a voluntary payment. Whatever was paid to the marshal upon his writ, was paid under legal compulsion. A party is not bound to wait until a levy is made, but may always assume that an officer will enforce his process, when he makes a demand under it. No payment made upon such a pressure can be regarded as any thing but compulsory.— *First Nat. Bk. v. Watkins*, 21 *Mich. R.*, 483; *Atwell v. Zeluff*, 26 *Mich. R.*, 118.

For this error there must be a reversal. The other questions arising under the bill of exceptions are not likely to come up again in the cause, and it will not be necessary to discuss them further than to say that we have found no errors except the one pointed out.

Judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.