State on relation of JAMES B. CHERRY, Treasurer, &c., v. E. A. WILSON, S. R. ROSS and others.

*Sheriff—General and Special Tax Bonds—Liability of Sureties.*

Where a sheriff executed a bond for the collection of general taxes and another bond for the collection of special taxes ; *It was held,* that the surety on the first bond was liable for any defalcation in the general taxes, and also liable for a ratable share and share alike with the sureties on the special tax bond (as if he had signed the same for any defalcation in the special taxes.

CIVIL ACTION on an Official Bond tried at Fall Term, 1877, of PITT Superior Court, before *Cannon, J.*

The relator as Treasurer of Pitt County, brought this action against Wilson the Sheriff and the sureties on his $10,000 bond as Tax Collector, alleging a failure to pay over the special taxes collected for the year 1876. The defendants admitted the execution of the bond, but insisted that in the same year Wilson executed a bond in the penal sum of $21,000 with William Whitehead as surety, conditioned that he should collect the taxes for said County for said

year and pay over the same &c.; that the special tax au-
thorized to be collected was a tax within the words and
meaning of the Act of Assembly by virtue of which the
special tax was levied; and that the bond to be given was
an additional one, not liable for any default of the Sheriff
until the remedy upon the general bond had been exhausted,
the surety to which was amply sufficient. His Honor held
that the defendants were liable upon the special tax bond.
Judgment. Appeal by defendants.

*Messrs. Jarvis & Sugg* and *Gilliam & Gatling*, for plaintiff.
*Mr. W. N. H. Smith*, (before his appointment as Chief
Justice,) for defendants.

READE, J. The defendants are primarily liable upon
their bond of $10,000 conditioned for the collection of spe-
cial taxes. And judgment would be entered here for the
penalty to be discharged by the payment of the amount of
the defalcation in not paying over the special taxes, but the
defendant, Wilson, had given another bond of $21,000 con-
ditioned for the collection of the general taxes, to which
these defendants, other than Wilson, were not parties, but
to which one Whitehead was surety. And said Whitehead
is liable for the collection of the special taxes as well as for
the general taxes. But he is not liable upon the special tax
bond. He is however liable to these defendants for contri-
bution just as if he had signed the special tax bond with
them. And there is a suit now pending before us against
said Whitehead upon the general tax bond, one of the ob-
jects of which suit, as it is one of the objects of this suit, is
to determine the liability of the sureties upon both bonds
for contribution among themselves.

Our opinion is that Whitehead is liable on the general
tax bond to which he is surety for the defalcation in the
general taxes, and that he is also liable on the same bond

for a ratable part, share and share alike, with the sureties on the special tax bond for the defalcation in the special taxes just as if he had signed the special tax bond with these defendants.

So that the result is that Whitehead is liable for all the general taxes, and he and these defendants, sureties, are liable, share and share alike for the special taxes.

And as we were informed at the bar that it was desirable to adjust the liabilities of all the sureties for contribution among themselves, the case will be remanded and this opinion certified to the end that the amount be ascertained, and judgment accordingly.

Error.

PER CURIAM.                    Judgment accordingly.