### J. W. BURNETT ET AL. *v.* R. W. MILLSAPS ET AL.

1. CONTRIBUTION BY SURETIES. *Sheriff's official and tax collector's bonds.*
   The right to contribution exists between the sureties on a sheriff's official bond and those on his bond as tax collector, under Code 1871, for expenditures by some of them to discharge judgments for his default in paying over taxes collected.

2. SAME. *Extent of liability. Bonds of different penalties.*
   Sureties on either bond should contribute equally for the default to the extent of the lesser penalty, and, after this is exhausted, the excess must be settled between the sureties on the larger bond.

3. SAME. *Effect of surety inducing a person to sign.*
   A person who signs the official bond by the request of a surety thereon is liable to contribute at his suit, unless there is a contract, express or implied, for immunity.

APPEAL from the Chancery Court of Lincoln County.

Hon. H. S. VAN EATON, Chancellor.

This bill in chancery against the sureties upon the tax collector's bond of John D. Moore (elected in November, 1871, sheriff of Lincoln County) in the penalty of five thousand dollars, and the appellants, sureties on his official bond in the penalty of ten thousand dollars, was filed by R. W. Millsaps, co-surety on the latter bond, who alleged that he advanced money to satisfy judgments for taxes collected by Moore in 1872 and not paid over to the county, and for damages, and prayed that the defendants should be compelled to contribute their share of the outlay. The defendants demurred on the ground that the bill showed

no right to demand contribution, and on the overruling of their demurrers answered. J. W. Burnett set up the defence that R. W. Millsaps induced him to become surety. The Chancellor at final hearing decreed contribution among the sureties, but in proportion to the penalties of the bonds.

*A. C. McNair*, for the appellants, defendants.

The decision in the case of *State* v. *Matthews*, 57 Miss. 1, is erroneous in holding the sureties upon Moore's official bond liable for his default in paying over taxes collected, and also in not announcing that Burnett and Lowenthall were discharged by the action of the board of supervisors, requiring a new bond. *Bennett* v. *State*, 58 Miss. 556. There can be no contribution between the sureties upon the sheriff's bond and those upon the tax collector's bond, because they are not co-sureties, and the latter bond is voluntary. Two bonds for taxes are not required in the Code 1871. If the collector's bond is the right one, then the sheriff's bond is not. One or the other is at best a common law obligation, upon which thirty per cent damages is not collectible. Moreover, it is not sufficient for contribution that both sets of sureties are bound for the same debt, unless they have the same attitude towards it. Contribution will not be decreed if they are bound in different degrees and by independent relations. *Matthews* v. *Millsaps*, 58 Miss. 564; Brandt on Suretyship and Guaranty, § 221. Liability on the bonds was not common or of like character. At any rate, Millsaps cannot obtain contribution from Burnett, who signed the bond at his request. *Turner* v. *Davies*, 2 Esp. 478; *Cutter* v. *Emery*, 37 N. H. 567; *Keith* v. *Goodwin*, 31 Vt. 268, 275; *Melms* v. *Werdehoff*, 14 Wis. 18; *Apgar* v. *Hiler*, 24 N. J. L. 808; *Thomas* v. *Cook*, 8 B. & C. 728; *Daniel* v. *Ballard*, 2 Dana, 296; *Taylor* v. *Savage*, 12 Mass. 98; *Harris* v. *Warner*, 13 Wend. 400; *Robison* v. *Lyle*, 10 Barb. 512; Brandt on Suretyship and Guaranty, § 229; 2 Story on Contracts, § 1148; 1 Parsons on Contracts, 37.

*R. H. Thompson*, for the appellee, complainant.

1. The right to contribution need not exist by virtue of the same instrument, nor is it essential that the party first bound shall have either privity with or knowledge of the liability of

the other. *Matthews* v. *Millsaps*, 58 Miss. 564. This principle is fully and authoritatively announced in the text-books, and has generally been recognized since Lord Eldon's decisions in the cases of *Ware* v. *Horwood*, 14 Ves. 28, and *Craythorne* v. *Swinburne*, 14 Ves. 160. Fell on Guaranty and Suretyship, 283 ; De Colyar on Guaranty, Principal and Surety, 342 ; Brandt on Suretyship & Guaranty, § 221, *et seq.* ; Burge on Suretyship, 383 ; Smith's Mercantile Law, 454 ; 2 Story on Contracts, § 1148 *et seq.* ; 1 Story Eq. Jur. § 495 and note. The doctrine of contribution is purely equitable, and not based on contract expressed or implied.

2. There is nothing in the form of the decree of which the appellants can complain so far as Millsaps is concerned. There can be no question that in equity the solvent parties can be made to bear the burden equally. " Equality is equity." De Colyar, 336–357. There is no doubt strong weight of authority in support of the Chancellor's view, that contribution should be made proportionate to the penalties of the bonds. De Colyar, 343 ; Fell, 285.

3. The two sets of sureties did occupy towards the State and county a like position. A liability for Moore's default did rest in common on them, and it was of the same character. In the language of the bill, taken from De Colyar's work, the two sets of sureties " were and are sureties for the same principal and sureties for the same engagement." The following cases impose liability on the tax collector's bond. *Byrne* v. *State*, 50 Miss. 688 ; *Taylor* v. *State*, 51 Miss. 79 ; *Lewenthall* v. *State*, 51 Miss. 645 ; *French* v. *State*, 52 Miss. 759 ; *Harris* v. *State*, 55 Miss. 50 ; *State* v. *Lewenthall*, 55 Miss. 589 ; *James* v. *State*, 55 Miss. 57 ; *State* v. *Harney*, 57 Miss. 863. The case of *State* v. *Matthews*, 57 Miss. 1, is an express adjudication of liability on the sheriff's bond now in question. The doctrine of that case is expressly approved in *State* v. *Harney*, 57 Miss. 880, and the same conclusion is virtually announced in *Bennett* v. *State*, 58 Miss. 556, and in the present case, as reported in 58 Miss. 564.

4. Some *dicta* seem to convey the idea contended for by the appellants, that Millsaps's request can avail Burnett, but no adjudication can be found that so decides in a case where

something else than a mere request to sign was not a fact proved or admitted. The Supreme Courts of Indiana and Michigan have lately passed on the question, and sustain this view. *Bagott* v. *Mullen*, 32 Ind. 332 ; *McKee* v. *Campbell*, 27 Mich. 497.

*Sessions & Cassedy*, for the appellees, defendants.

In view of the recent adjudications of this court as to the liability on both sheriffs' and tax collectors' bonds executed during the existence of the omission in the statute to require tax collectors' bonds, it will not avail the appellants to urge that a surety on the tax collectors' bond has no right to contribution from the sureties on the contemporaneous sheriff's bond. *Matthews* v. *Millsaps*, 58 Miss. 564.

COOPER, J., delivered the opinion of the court.

The sureties on the sheriff's official bond, and those on his bond as tax collector, were equally bound for his default in paying over the taxes collected, and because the burden was common to both sets of sureties, the right of contribution exists between them. The fact that the sureties on the official bond were also liable for other acts of the officer, as to which the sureties on his bond as tax collector were not bound, does not affect the mutuality of their obligation as to those acts and defaults for which they were bound. There is nothing in the record to suggest that the sureties on the official bond have suffered or will suffer any loss because of the default of the officer in the performance of any of his duties for which they alone were bound ; but in no event would such loss or damage relieve them from liability to contribute to the sureties on the other bond, to an amount not greater than the unexhausted penalty of their own. The appellants, who are sureties on the official bond, cannot complain of the action of the Chancellor in holding the sureties on the tax bond liable to contribution, for the damages imposed for the failure on the part of the officer to pay over the taxes collected, for whether it is or is not true that the tax bond was liable for such damages, the official bond certainly was, and the sureties thereon are not injured, but are benefited by the contribution required from the sureties on the tax bond. This question is eliminated from the

case by the fact that the tax collector's bond had been sub-
jected to this liability by the judgment in the suit at law,
which judgment is unreversed.

If it be conceded that the appellant, Burnett, signed the
bond at the request of the appellee, Millsaps (as to which
the testimony is conflicting), he is nevertheless liable to
contribution at the suit of Millsaps. It is said by some text-
writers that if one surety sign at the instance or request of
another, he is not liable to contribution at the suit of the
surety at whose request he became bound ; but an examination
of the authorities cited by them in support of the proposition
announced shows that, in most of them, there was an agree-
ment for indemnity, instead of a mere request to sign. In one
or two cases the question was presented and decided ; but in
most of them in which such language is used, the point was not
presented, and the proposition as announced is supported prin-
cipally by *dicta.* The decided weight of authority is, that to
relieve the surety from liability to contribution there must be a
contract, expressed or implied, for such immunity. The ques-
tion is elaborately and carefully examined in two recent cases,
in which the authorities cited by the text-writers for the op-
posing view are reviewed, and the conclusion to which we
have arrived ably sustained. *Bagott* v. *Mullen,* 32 Ind. 332 ;
*McKee* v. *Campbell,* 27 Mich. 497.

The Chancellor erred in directing the account to be taken
by charging the sureties on the respective bonds with an
amount proportionate to the penalties of the bonds. Within
the penalty of the smaller bond the sureties thereon were equally
bound with those on the other, and ought to contribute equally
to that extent. It is the amount for which they are bound,
and not the form or penalty in which they are bound, that is to
govern. For the amount of the default, in excess of the pen-
alty of the smaller bond, the sureties thereon are not liable,
and therefore that amount ought to be settled between the
sureties on the larger bond only, without regard to those on
the other. *Cherry* v. *Wilson,* 78 N. C. 164, 166.

*Decree reversed and cause remanded.*