[No. 5563.]
[No. 3241 C. A.]

## CHAPPELL v. JOHN.

1.   Sureties—Liability for Contribution—Inter Se — Each of several sureties is liable to contribute moneys paid by the other to discharge the debt for which all are obligated, unless there is a contract express or implied, for immunity.   No such promise is implied from the fact that one surety entered into the con-

tract at the request of the other, nor from an assurance given at the time of the request that the party shall not be subjected to any loss.—(48, 49)

2. **Evidence—Res Gestæ—**Declarations of the grantor in a deed made ten days after its execution are not res gestæ.—(50)

3. **Fraud—**Continued possession of lands by the grantor no evidence of fraud, where, after the execution of the conveyance, he pays rent.—(51)

4. **Right of One Surety to Avail of Indemnity Given to the Other—**One of two sureties, having purchased at foreclosure sale, lands mortgaged to him by the principal debtor, as an indemnity, is liable to his co-surety for one-half the reasonable value of such lands.—(52)

Also, he is not liable for anything in respect to such lands if subject to a prior incumbrance, until such prior incumbrance is first satisfied.—(52)

*Error to Las Animas District Court* — Hon. JESSE G. NORTHCUTT, Judge.

Messrs. YEAMAN & GOVE, for plaintiff in error.

Messrs. HOLLENBECK & BATES, for defendant in error.

CHIEF JUSTICE STEELE delivered the opinion of the court.

The plaintiff and the defendant were sureties upon the promissory note of W. A. Burnett for the sum of ten thousand dollars, dated November 12, 1888. During the year 1890, default having been made by the principal, the defendant paid one-half of the amount due upon the note. Afterwards the note was transferred to one McKeough, who obtained judgment against the plaintiff. The plaintiff paid the judgment, amounting to the sum of $9,076.36, and in July of 1900 brought this action against the defendant (defendant in error here) to recover the amount so paid in satisfaction of the judgment.

The amended complaint contains four causes of action. In the first two the plaintiff asks judgment

against the defendant upon the ground, as alleged in the first cause of action, that after the note was executed and the defendant had signed his name as surety, he requested the plaintiff to sign the note, and that the plaintiff did sign the note at the request of the defendant, and not otherwise; and in the second count, as an additional ground, that at the time the plaintiff signed the note at the request of the defendant, the defendant assured him, the plaintiff, "that he would not and should not be subjected to any loss by reason of his signing said note."

A demurrer was sustained to the first two causes of action, and the case was tried upon the third and fourth causes of action.

The averments of the third and fourth causes of action are, in substance, that the money received from the note of ten thousand dollars was used by Burnett in reducing his indebtedness to one F. D. Wight, which indebtedness was secured by first mortgage on certain cattle and lands, and that the defendant held a second mortgage on the same property; and that the defendant had received from Burnett certain land in Colorado and New Mexico as an indemnity for the signing of the note as surety, and that the lands so conveyed have been sold, but the amount received from the sale thereof has not been accounted for.

The jury returned a verdict for the plaintiff in the sum of $593.60. The plaintiff took the case by writ of error to the court of appeals.

The plaintiff assigns as error the sustaining of the demurrer to the first and second causes of action, and he claims that as he signed the note solely because he was requested to do so by the defendant he is entitled to recover from the defendant any amount he may have been required to pay by reason of his suretyship.

The principle on which one surety is regarded as liable as a principal to another surety is that a state of facts is shown to the court from which it appears positively or by fair inference that such surety intended to stand in the character of principal to the subsequent signers.—*Cutter v. Emery*, 37 N. H. 567.

The cases are reviewed in *Bagott et al. v. Mullen*, 32 Ind. 332, and the court finds that in the cases considered there was something more than the mere request of one surety to another to execute the note or paper as security. There was either a promise, written or verbal, to indemnify, or a taking of security from the principal, and from either of these circumstances the courts hold such surety released from contribution.

In the case of *McKee v. Campbell*, 27 Mich. 497, the court has this to say: "The law implies from all joint obligations a *prima facie* liability to contribution, which may be overcome by showing that one is bound to protect the other. This may be either because he is a principal debtor on his own account, or because he has undertaken to save the other harmless. But the mere request to another to join him as co-surety would upon all ordinary rules of construction mean that he was to enter upon the same responsibilities and become bound on equal terms. Such we conceive to be the doctrine of the authorities, in spite of some careless expressions which do not, we think, fairly interpret the doctrine applied. We find in several cases, not only discussion, but conflicting decisions, upon the question whether a positive agreement for such a modified liability could be created by parol—which would have been an idle inquiry if a mere signing by request would operate as a claim to indemnification. The authorities which contain actual decisions upon the point before us

indicate that the change of responsibility must be founded on a plain understanding to that effect."

The decisive weight of authority is, that to relieve a party from liability to contribution there must be a contract expressed or implied for such immunity. —*Burnett v. Millsaps,* 59 Miss. 333.

In the case of *Bishop v. Smith et al.,* decided by the supreme court of New Jersey in 1904, and reported at page 874, vol. 57, of the Atlantic Reporter, the court, speaking of the doctrine that he who becomes surety at the request of one who is already surety upon the same obligation or note is exonerated from any liability to the first surety because of such request, says: "But I think the doctrine contended for is not sound. The later and better doctrine is that 'the mere fact that the defendant became surety at the plaintiff's request is not sufficient to release him from liability, though such a request is a good consideration for a promise of indemnity.' "

Upon the authority of these cases the court properly sustained the demurrer to the first cause of action.

The second cause of action states that the plaintiff was "assured" by the defendant at the time he was requested to sign the note that "this plaintiff would not and should not be subjected to any loss by reason of signing the said note." But we cannot regard this as stating a contract of indemnity. It is nothing more than the expression of an opinion by the defendant that the sureties would not be called upon to pay the note. The demurrer to the second cause of action was properly sustained.

The plaintiff, when called as a witness, was asked to relate a conversation between the plaintiff and Burnett, the maker of the note. Objection to the question was sustained. Plaintiff then offered the

affidavit of Burnett, in which Burnett sets forth the
history of the transaction concerning the note and
the agreement and understanding with the defendant
at the time when certain property in Trinidad was
conveyed by Burnett to the defendant. The court,
upon objection, refused to receive the affidavit. The
plaintiff was then asked to relate a conversation be-
tween him and Mrs. Burnett, the wife of the maker
of the note, concerning the property conveyed by her
to her husband and by her husband to one S. J. Alex-
ander as trustee. Upon objection this testimony
was excluded. The plaintiff then offered in evidence
a portion of the deposition of Mrs. Burnett, taken in
the matter of the estate of her husband upon a claim
presented by her against the estate. The offer was
rejected. Four of the plaintiff's assignments of
error are based upon the court's refusal to receive
the foregoing offers. It is claimed that the declara-
tions of Burnett were admissible as part of the *res
gestae,* but we think the declarations made by Bur-
nett ten days after he executed the deed cannot be
regarded as so connected with the transaction as to
entitle them to be received; and no error was com-
mitted by the court in rejecting them. We know of
no rule of evidence that authorizes the admission of
the affidavit of Burnett or of the deposition of Mrs.
Burnett as evidence in this cause. Counsel have
called our attention to no such rule, and while the
statements made in affidavits and as witnesses in
other proceedings are sometimes admissible as
against the persons making them, they were, we
think, inadmissible against the defendant in this pro-
ceeding. It is said that as a common purpose to de-
fraud was shown, the admissions of Burnett and his
wife were admissible as against the grantee, John,
and that as Burnett and his wife continued in the
possession of the property inconsistently with the

deeds, their subsequent declarations are competent. There was no common purpose to defraud shown, nor were Burnett and his wife holding possession of the property they had conveyed inconsistently with their deed. They were not claiming to own the property after they had conveyed. The testimony shows that after they had conveyed it they paid rent to the grantee for its use. The rule invoked by the plaintiff that the declaration of one in collusion with another to defraud is binding on all the parties to the collusive agreement has no application to the case at bar. The plaintiff has not shown a collusive agreement. On the contrary, his contention is, as shown by the offer of proof, that there was no collusion; that by the terms of the agreement between John and Burnett the property was conveyed to John as indemnity for the note in question, and that Burnett had stated to John, "That unless Mr. Chappell was to share in the indemnity that he would tear up the papers and throw them in the fire."

We find no error in the refusal to admit the testimony offered by the plaintiff.

The fourth cause of action is based upon the liability of the defendant to account to the plaintiff for the value of certain lands in the territory of New Mexico on which the defendant held a second deed of trust, given to indemnify him from loss by reason of his becoming surety with Chappell on the note. After the signing of the note by John and Chappell, Burnett executed a deed of trust to secure John from loss by reason of his suretyship. John had taken a deed of trust on a large tract of land owned by Burnett to secure the payment of about eight thousand dollars. The deed of trust given by Burnett to indemnify John from loss as surety was subsequent to the deed of trust given to secure the eight thousand dollars, but it did include about two hundred and

eighty acres of grazing land not included in the prior deed of trust.   At the foreclosure of the second deed of trust John bought the property for a nominal consideration, and subsequently he sold it for the sum of two thousand three hundred dollars.   John admitted that he should account to Chappell for one-half the value of the land conveyed by the deed of trust to indemnify him as surety and not included in the prior deed of trust, and the jury was instructed to render a verdict in favor of Chappell for one-half the value of such land, and interest.   The plaintiff requested an instruction the substance of which is that the jury should render a verdict in plaintiff's favor for one-half the sum of two thousand three hundred dollars, being the amount John had received from the sale of all the lands mentioned.   This request was properly refused. . The testimony clearly shows that the defendant sold the land for very much less than the amount secured by his first deed of trust, and as the plaintiff was only entitled to indemnity after the satisfaction of the first deed of trust, and for one-half of the value of the land included in the second and not in the first deed of trust, the plaintiff was not entitled to have the instruction requested given.

Other instructions offered by plaintiff and refused were fairly included in the instructions given.

The plaintiff was entitled to recover judgment for one-half the reasonable value of the land not included in the first deed of trust bought by the defendant at the foreclosure sale.   The judgment for $593.60 in favor of the plaintiff is the. amount the jury fixed as one-half the value of this land.

We find no error prejudicial to the plaintiff in the record, and the judgment is affirmed.

*Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HELM concur.