## Hall, et al. v. Gleason.

(Decided May 12, 1914.)

### Appeal from Scott Circuit Court.

1. Principal and Surety—Contribution.—A surety cannot look to a co-surety for contribution until he has paid the debt, and not then unless the principal is insolvent, as the insolvency of the principal and the payment of the debt must concur before a right of contribution accrues.

2. Sureties—Contribution—Mortgage to Secure Sureties Who Had Paid Debt.—Where five out of six sureties paid the debt and took a mortgage from the principal to secure them containing a stipulation that when the sixth surety paid his part of the debt the mortgage should operate to secure him, the sureties paying the debt were entitled to contribution from the one who had not paid, as it appeared that the principal was insolvent and the mortgage worthless.

L. F. SINCLAIR for appellants.

JAMES BRADLEY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In December, 1911, the appellants, Hall, Lancaster, Anderson, Gano, Sublett and the appellee, Gleason, executed jointly a promissory note to J. B. Graves for six thousand dollars. Graves brought suit on this note, and in January, 1913, obtained a judgment against the appellants for the principal sum and accrued interest. At the time this suit was brought, Gleason was a non-resident of the State, and for this reason judgment was not taken against him.

Shortly after the judgment was rendered, the appellants, claiming that they had satisfied the judgment, brought this suit against Gleason to recover one-sixth of the amount that they had paid in satisfaction of the judgment. The suit was brought on the theory that Gleason was jointly and equally bound with them on the note, and, as they had paid it, he owed them his proportionate part of the amount paid.

In an amended petition they averred that the Lancaster Hotel Company was the principal in the debt to Graves, as the money was borrowed for its use and benefit, and that the parties who signed the note were, as between themselves, merely sureties for the Hotel Company. They further averred that at the time the money

was borrowed from Graves, and at all times since, the Hotel Company was wholly insolvent.

For answer to this suit Gleason admitted the execution of the note, but set up that it was executed under the following conditions: That the Lancaster Hotel Company, a corporation, desired to borrow six thousand dollars from Graves, who declined to lend it any money or to accept any note on which the name of this company appeared; that thereupon the appellants and himself, who were stockholders and directors in the corporation and owned all of its stock except twenty shares, executed the note and borrowed the money from Graves, which was deposited in bank to the credit of the Hotel Company and used by it in discharge of its obligations.

He further set up that of the 350 shares of stock issued by the corporation, Lancaster owned 135, Anderson 100, Hall 25, Gano 25, Sublett 25, and himself 20; that the money was borrowed for the use and benefit of the Hotel Company and it was liable to them for the amount of the debt. He therefore denied the right of the appellants to maintain an action against him for the contribution until they had prosecuted the Hotel Company to insolvency, which had not been done; and further averred that, if any part of the judgment remained unsatisfied after the Hotel Company had been prosecuted to insolvency, the appellants were only entitled to recover from him such proportion of the amount remaining unsatisfied as the number of shares of stock owned by him bore to the total amount owned by all of them. In other words, that he was only liable for 2-33 of the debt.

In an amended answer, he denied that the appellants had paid any part of the debt to Graves, and averred that it was paid by the Hotel Company; that the Hotel Company borrowed from each of the appellants an equal amount of money, aggregating the total amount due on the Graves judgment, and executed and delivered to each of them its promissory note for the amount each of them had advanced to it, and also executed to them a mortgage on its property to secure the payment of the debt; that the money to satisfy the Graves debt was paid by the appellants to the Hotel Company, and placed in bank to its credit, and Graves was paid the amount of his judgment by a check drawn by the company on the amount so placed to its credit in the bank. Upon this

state of facts he denied the right of the appellants to recover anything from him.

The Lancaster Hotel Company filed an answer to the pleading of Gleason, which had been made a cross-petition against it, and averred that the six thousand dollars had really been borrowed for its use and benefit, and that the appellants had been compelled to satisfy the judgment. It denied that it borrowed from either of the appellants, or that either of them lent to it, any money for the purpose of satisfying the Graves judgment; but averred that the appellants, when they were called on to satisfy the judgment, had each contributed his share of the amount due and deposited the total in a bank to the credit of the Hotel Company, and that the Hotel Company thereupon drew its check on this deposit payable to Graves for the full amount of the judgment. It further averred its insolvency at the time the debt was created and at all times subsequent thereto.

With reference to the mortgage executed by it to the appellants, it averred that the purpose of the mortgage was to secure them in so far as it could be done, but that it was provided in the mortgage that in the event Gleason paid his proportion of the debt, the company would execute to him a mortgage of equal dignity and effect with the mortgage given to appellants and on the same property, so that he would be placed on an equal footing with them in the event anything could be realized on the mortgage.

For reply to the answer and amended answer of Gleason, the appellants restated in substance the facts set out in the answer of the Hotel Company and averred that, at the time the mortgage was executed to them, all the property of every kind and character of the Hotel Company had previously been mortgaged to secure other indebtedness of the company that far exceeded the value of the property and assets of the company, that as a matter of fact the mortgage executed to them was of no value because of the insolvency of the company and the existence of prior mortgages.

To this reply a demurrer was sustained, and, declining to plead further, the petition of the appellants for contribution was dismissed, and they appeal.

Restating the substance of the transaction, it appears that the appellants and the appellee owned all the stock in the Hotel Company except twenty shares; that it was insolvent and all of its property had been mortgaged to

secure debts largely in excess of the value of its property; that, desiring to assist it, they borrowed from Graves six thousand dollars for its use and benefit, and executed to him a note for that amount, upon which he secured judgment against all of them except Gleason; that the appellants, when they came to satisfy the judgment, in place of paying the money directly to Graves, deposited it in a bank to the credit of the Hotel Company, and immediately the Hotel Company gave its check to Graves in satisfaction of the judgment, and thereupon the Hotel Company executed to the appellants a mortgage on all of its property for the purpose of securing them as well as it could on account of the sum they had paid Graves; that it was stipulated in the mortgage that in the event Gleason paid his part of the judgment a mortgage would be executed to him of equal effect and dignity with that executed to the others; that the mortgage executed to the appellants was worthless on account of the insolvency of the Hotel Company and the existence of prior mortgages on all the property of the Hotel Company to secure other debts largely in excess of the value of all of its property.

Upon this state of facts it is argued by counsel for Gleason that the appellants have not paid Graves anything; that after the judgment against them was rendered, they lent a sum of money equal to the amount of the judgment to the Hotel Company, and it satisfied the Graves judgment, and thereupon executed a mortgage to the appellants to secure them for the sum they had lent to it.

We do not think there is much merit or substance in this defense. Under the facts stated the mere form of the transaction is not to be regarded as controlling. It would of course have been simpler if these appellants had paid Graves directly the money, but the mere circumstance that they paid it to the Hotel Company and the Hotel Company turned it over to Graves, does not, under the facts admitted by the pleadings, change the nature of the transaction. The money was in truth and in fact paid to Graves by them in discharge of the judgment, and the mere circumstance that it happened to be paid through the medium of the Hotel Company does not in any manner prejudice the rights of the appellants or operate to release Gleason from liability. The parties were merely sureties for the Hotel Company and handed .

their principal the money to give to Graves in place of paying it directly to him themselves.

Nor does the fact that they took the mortgage mentioned from the Hotel Company diminish their right to contribution, as it is averred that the mortgage was worthless and that it was not taken with any intention of satisfying the liability of the Hotel Company to them: Atkinson v. Stewart, 2 B. Mon., 348. Of course a surety cannot look to a co-surety for contribution until he has paid the debt, and not then if the principal is solvent, as the insolvency of the principal and the payment of the debt must concur before a right of contribution accrues: Daniel v. Ballard, 2 Dana, 296; Bolling v. Doneghy, 1 Duv., 221; Pearson v. Duckham, 3 Litt., 385; Poignard v. Vernon, 1 T. B. Mon., 45. But under the pleadings both of these prerequisites concurred before the action for contribution was brought.

Concerning the amount for which Gleason is liable, we express no opinion, leaving that to be determined when the case is prepared for trial on the merits, the only question before us on this appeal being the sufficiency of the reply, the truth of which we have treated as confessed by the demurrer.

Wherefore, the judgment is reversed, with directions to overrule the demurrer to the reply, and for further proceedings not inconsistent with this opinion.