PAUL J. GIGLIOTTI *v.* VALERIE C. GIGLIOTTI

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 647

Argued November 14, 1978—decided January 12, 1979

*William J. Friedeberg,* for the appellant (plaintiff).

*Mark H. Swerdloff,* for the appellee (defendant).

PARSKEY, J. In this action the plaintiff seeks contribution from the defendant, his former wife, for payment of a note on which both were accommodation makers. The trial court held that, as between the plaintiff and the defendant, the defendant was

not liable because her status was that of a surety for a surety. We agree with the lower court's decision.

At the outset we note certain procedural deficiencies. The plaintiff assigns error both in the court's failure to include specified paragraphs of his draft finding which he claims are undisputed, and in the court's finding of certain facts without evidence. With one exception, none of the assignments addressed either to the subordinate facts or to the conclusions has been briefed and therefore such assignments are considered abandoned. *Gebrian* v. *Bristol Redevelopment Agency,* 171 Conn. 565, 570. The challenged finding which has been briefed states that "[t]he defendant believed that she was signing the note as an owner of the securities and that her husband, the plaintiff, was the principal borrower." The appropriate procedural device for challenging the finding of a subordinate fact under the rules in effect prior to July 1, 1978, was by a motion to correct; Practice Book, 1963, § 567G; and by an assignment of error addressed to the court's denial of the motion. Id. § 568D. Were we to overlook this procedural irregularity, the plaintiff's challenge would still be without merit. The plaintiff testified that he told the defendant that his brother, Vito, wanted to borrow some money from him and that he felt that he had to lend it to his brother. He further testified that the bank required stock as security and that the defendant had to sign because she was part owner of the stock. That testimony sufficiently supports the court's finding.

The finding reveals the following facts: The plaintiff's brother, Vito, applied for a bank loan for use in his real estate business. The bank agreed to make the loan provided that the plaintiff would not only cosign the note but would also pledge certain stock. This stock was owned jointly by the plain-

tiff and the defendant. The defendant cosigned the note at the plaintiff's request in the belief that her then husband was the principal borrower. The bank never requested the defendant's signature nor did the defendant at any time agree to be an accommodation maker for her then brother-in-law. The note was renewed on several occasions and at each renewal the defendant signed the note under the same conditions. When the note became past due and in default the plaintiff paid the balance due and brought the present action. The trial court concluded that the plaintiff was an accommodation maker for his brother and that the defendant was an accommodation signer for the plaintiff. The trial court concluded further that the defendant as a surety for a surety was not liable to the plaintiff who, as between the two, was the accommodated party.

"Actions for contribution are based upon the principle, equitable in origin but now recognized in courts of law, that where one person has been compelled to pay money which others were equally bound to pay, each of the latter in good conscience should contribute the proportion which he ought to pay of the amount expended to discharge the common burden or obligation." *Azzolina* v. *Sons of Italy,* 119 Conn. 681, 692. Where, however, the obligation of one person is primary and that of the other person is secondary, the person with the primary obligation has no right of contribution. *Fidelity & Casualty Ins. Co.* v. *Sears, Roebuck & Co.,* 124 Conn. 227, 232. In cases where both persons appear to have undertaken a common obligation the evidence may show that, as between the two, the obligations undertaken were not equal, as, for example, where one person becomes a surety for a surety. *Bulkeley* v. *House,* 62 Conn. 459, 469. In this case, the defendant cosigned the note at the plaintiff's request. That, in itself, was not sufficient to relieve

her of liability. *Chappell* v. *John,* 45 Colo. 45, 48; *Vansant's Executrix* v. *Gardner's Executrix,* 240 Ky. 318, 321; 74 Am. Jur. 2d, Suretyship § 217. She signed the note, however, in the belief that her husband was the principal borrower, and it was reasonable to conclude that she intended to assume vis-a-vis her husband only the obligations of an accommodation party. This conclusion is fortified by the fact that at no time did she agree to be an accommodation maker for the plaintiff's brother. A cosurety who signs an obligation not only at the request of another surety but also for his benefit is not liable for contribution. *Chappell* v. *John,* supra.

There is no error.

In this opinion A. HEALEY and A. ARMENTANO, Js., concurred.