GEORGE W. ELIASON AND FRANK ELIASON, BY THEIR NEXT FRIEND AND GUARDIAN, MARTIN E. WALKER, AND KATE ELIASON AND CARRIE ELIASON, BY THEIR NEXT FRIEND AND GUARDIAN, EDWARD R. COCHRAN.

*vs.*

JOHN FRAZIER ELIASON.

*New Castle, February T. 1869.*

Whenever a lien, charge or burden of any kind, affecting several, is enforced at law against one only, he should receive from the rest what he has paid or discharged on their behalf.

The principle of equitable contribution applies equally to dower, as to other incumbrances.

If an interest is assigned out of lands of one only, of several whose lands were all liable, there should be contributed to him, as near as might be, a corresponding interest out of the lands of those who have been relieved.

Under the Statutes of this State, it rests in the discretion of the Orphans' Court to assign dower out of the whole of decedent's lands, or out of each tract separately, as well against alienees or devisees of the husband, as against his heirs under the intestate law.

BILL IN EQUITY FOR CONTRIBUTION.—John A. Eliason, deceased, by will, dated December 11th, 1864, devised his mansion house in Middletown to his eldest son, John Frazier Eliason, in fee simple ; and the residue of his real estate, consisting of three smaller houses and lots in

Middletown, he devised to his executor, in trust for all his five children, John included, with power to sell the real estate, and hold the proceeds, together with the residue of his personal estate, in trust, for the children, under certain limitations in the will contained. By the will, it is provided, that the testator's widow, Eleanor M. Eliason, should take, as he expresses it, "her right of "dower in my real estate as she would be entitled to "under the laws of the State of Delaware, if I had died "intestate," so the devise of the mansion house to John is charged with dower in these terms, "subject, neverthe-"less, to the same right of dower his mother would "have taken had I died intestate;" and a like proviso accompanies the devise of the residue, "subject, neverthe-"less, to the right of dower of my wife, in all my real "estate."

After the testator's decease, the widow presented to the Orphans' Court, at the February Term, 1864, her petition setting forth the seisin and death of her husband and the provisions of the will, and praying for the assignment of her dower in the same manner as under the intestate law ; whereupon the Court made the usual order for the assignment of the dower, under which order the freeholders assigned to the widow the three houses and lots which had been devised in trust for all the children, leaving the mansion house which was devised to John, wholly exempt. The return of the freeholders was approved, and the assignment of dower confirmed. This bill was filed on behalf of the younger children, and claims that the dèvisees of the residue, are entitled, by way of contribution, to one third the annual value of the mansion house, during the life of the widow, that being the share of the common burden of dower to which the devisee of the mansion house was liable, but which, under the assignment as made, the residuary devisees have been compelled to bear. The defendant demurred to the bill, and raised the question, whether, upon the facts stated, he is liable to contribution.

*Whiteley*, for the demurrant.

There is no equity for contribution among devisees. They stand like alienees.

The assignment of dower out of all the real estate is only under the intestate law; as against grantees, it must be out of each parcel, separately. True, the assignment is good so far as concerns the widow, the will giving her dower out of all the real estate; as when several grantees in decedent's lifetime submit to a widow's application for dower out of the whole.

The devisees of the parcels assigned might have objected in the Orphan's Court, to the assignment of dower out of their lands alone, and claimed that the assignment should be out of each; yet, not having objected, they have waived their only remedy, and cannot proceed in equity for contribution. Of those proceedings they are deemed to have had notice. All the world has notice of such proceedings. The law, as to alienees, in the husband's lifetime, is clear and settled. A devisee is, in like manner, a purchaser, and stands in like condition, as an alienee in the husband's lifetime. *Coulter vs. Holland*, 2 *Harring*. 330.

*G. B., & J. H. Rodney*, for the complainants.

There is a general natural equity to contribution in favor of one who discharges an incumbrance of any kind affecting property held by all. It applies alike, to every species of incumbrances. In this particular, there is no difference between dower and a judgment. Besides, this incumbrance affected the title of the devisor himself, and ran with it. The will so recognizes it, and this recognition by the testator, of the dower in all his land, put it in the same position as under the intestate law.

The testator died in possession; that makes it like a case of intestacy. In the case of alienees, the decedent is out of possession, and the question is between the widow

and each one of them. The alienation in the husband's lifetime separates the right and attaches it to each parcel separately; otherwise, when he dies seized of all. Hence, the policy of the intestate law, and its *ex parte* character, and hence, the necessity of summoning alienees.

There was no notice of application for dower given to the children. They should not, therefore, be affected *by waiver*, not being parties, nor having notice.

This case is within the general doctrine of contribution. 1 *Sto. Eq. Jur. secs.* 477 & 1233 *b*.


THE CHANCELLOR :—

If Mrs. Eliason's right of dower was a common charge or burden on all the lands devised, then the residuary devisees, having borne, out of their lands, the charge to which the whole was liable, the case is already within the reason and equity of the doctrine of contribution, as that doctrine has been held from great antiquity. The principle is, that parties having a common interest in a subject-matter shall bear equally any burden affecting it. *Qui sentit commodum sentire debit et onus.* Equality is equity. One shall not bear a common burden in ease of the rest. Hence, if as often may be done, a lien, charge or burden of any kind, affecting several, is enforced at law against one only, he should receive from the rest what he has paid or discharged on their behalf. This is the doctrine of equitable contribution, resting upon as simple a principle of natural justice as can be put. *Herbert's case*, 3 *Coke's Repts.* 11 *b*; *Dering vs. Winchelsea*, 1 *Cox* 318; 2 *B. & P.* 270; *Campbell vs. Mesier*, 4 *Johns. Ch.* 388; 1 *Sto. Eq.* 477-8; 1 *White & Tudor's L. Cas. in Eq.* 66. Its most common application is to sureties and to owners of several parcels of land, subject to a lien or charge for the payment of money. But as is declared by Lord Redesdale, in *Sterling vs. Forrester*, 3 *Bligh*, 59, the principle is universal.

Adverting now to the present case, certainly it can make no difference as to the natural equity of the complainants to contribution, that the common charge here is a right of dower, and not, as in ordinary cases, a money demand, such as a judgment or mortgage. This difference goes, not to the principle of contribution, but only to the mode in which it is to be enforced. What is decreed contributed, will, of course, be of the same nature as the common charge borne, *i. e.*, for money due from several and paid by one, a reimbursement in money, will be decreed ; if an interest is assigned out of lands of one only, of several whose lands were all liable, there should be contributed to him, as near as may be, a corresponding interest out of the lands of those who have been relieved. The powers of this Court are adequate to any mode of relief which justice between the parties may require.

The argument for the defense is that the right of dower against devisees of the husband, equally as against alienees of the husband in his lifetime, is not a common burden ; that it is not incumbrance upon the lands *in solido*, but is a charge upon each tract separately ; and being so, is assignable, not out of the whole, but separately, out of each tract ; so that, as the tract of each alienee or devisee, if the assignment is properly made, bears only its own burden, no ground for contribution exists ; and that, although, in point of fact, in this case, the dower has been assigned in the Orphans' Court for the whole, out of the lands of the complainants only, yet, that such mode of assignment was irregular, and would have been set aside on application to that Court upon the return of the freeholders, that an application to the Orphans' Court, or an appeal from its action, was the complainants' sole remedy, having waived which they have no claim to relief in equity.

It is undoubtedly true that at common law, dower was assignable, not out of the whole of the decedent's lands *in solido*, but out of each tract or parcel separately, and

even out of each denomination of property, as a third of the arable land, a third of the meadow lands &c. ; and at common law this was the mode of assignment when made by the Sheriff, as well against the heir in a case of intestacy, as against the alienee of the husband in his lifetime, or the devisees under his will. The heir might, and usually did, voluntarily, and with the consent of the widow, assign her dower out of the whole, giving her one or more tracts instead of a third of each, but this rested wholly upon agreement, and was termed an assignment contrary to common right, the assignment out of each tract separarately, being, as was said, according to common right— *Park on Dower*, 251, 255, 262. Hence, as at common law, dower was not a charge upon all the lands, as a whole, but upon each tract separately, a burden which each alienee or devisee bore for himself alone ; dower, as assigned at common law, could not become a subject for contribution.

But under the statutes of this State, the mode of assigning dower rests in the discretion of the Orphans' Court, which may adopt the one or the other mode, as in its judgment will best promote the interest of all the parties ; and such discretion has the Orphans', Court as well in assigning dower against alienees or devisees of the husband, as against his heirs under the intestate law. The dower act of 1816, now embodied in *Chapter 87 of the Revised Code*, (being the Statute applicable to dower as against alienees and devisees,) directs that dower, under that Act, shall be assigned by the Orphans' Court of the county where the land lies, upon her petition to the said Court, by the widow, or by any party interested by the like proceeding, and in the same manner as by law is provided in the case of intestate's estates. *Revised Code p.* 292, *Sec.* 16. This provision has been judicially construed as giving to the Orphans' Court, for the assignment of dower, under this Act, the same powers and discretion exercised by it under the intestate law. Upon a full

consideration of this whole subject in *Coulter vs. Holland*, 2 *Harring.* 334-5, it was held by the Superior Court on appeal, that the Orphans' Court has authority, in all cases, whether under the intestate law or not, to assign dower, either altogether out of one tract, or in separate parcels out of several tracts, or a third part out of each tract. In the case cited the Court, exercising this very discretion, did approve an assignment of dower for the whole estate of the husband, made wholly out of land devised to his two sons, to the exemption of other land devised to his daughters. Generally, the mode of assigning dower, under the intestate law, and under the act of 1816, differs in practice, for the reason stated in *Coulter vs. Holland*, that in case of intestacy, the whole estate being in the same parties, it is more convenient to assign dower out of the whole, while, as against alienees and devisees holding in severalty, it is generally more convenient to assign dower out of the separate tracts. Nevertheless, if, in any case, from the nature of the property held by several alienees or devisees, an assignment out of each parcel is (as it may be) impracticable, or will be prejudicial to the interests of the parties, the Orphans' Court have authority to order or approve an assignment out of the whole, leaving alienees or devisees to their remedies in equity. In the present case the Orphans' Court, in assigning dower out of the whole real estate of the testator, and not separately out of the parcels devised, have exercised an authority conferred by the statute, not to be questioned except upon appeal. It is, in all respects, a legal and valid assignment. I lay no stress upon the terms of the will expressly charging the real estate with such dower as the widow would take under the intestate laws. That is a consideration addressed to the discretion of the Orphans' Court, but adds nothing to the legal effect of the assignment as made.

We may now return to the defense relied on and inquire whether the reason which excludes contribution with respect to dower assigned, as at common law, against alienees

or devisees, *i. e.*, out of each tract separately, applies to this case. The reason is that, under an assignment so made, each alienee or devisee bears his own burden, and only his own, so that there then arises, in fact, no inequality to be adjusted between them. There has been no common burden borne by one only. But here the Orphans' Court, having, under the statute, authority to assign the dower either as a charge separately upon each tract devised, or as a common charge upon the whole, has adopted the latter course ; and under its decision which cannot be called in question, the dower of Mrs. Eliason became a common charge upon the real estate as a whole, which charge the complainants have been compelled to bear out of the parcels devised to them.

This brings the case clearly within the reason and equity of the doctrine of contribution. But it was argued that the complainants, though they have, in fact, under the order of the Court, been compelled to bear the whole burden, have lost their equity by waiver or laches in omitting to move, in the Orphans' Court, at the return of the assignment of dower, to have it set aside. But this argument assumes that the assignment was irregular, and must, on application, have been set aside ; whereas, on the contrary, the assignment was made by a Court having complete jurisdiction to make it in either mode ; and it must be presumed to have exercised a sound discretion in approving of the assignment in this mode. The complainants are justified in so accepting and acquiescing in it, and are in no laches by not having experimented with a motion to set aside the return or with an appeal. We should not expect to find, among the English decisions, a case of contribution for dower, as between alienees or devisees of a decedent ; said dower, at common law, is assigned separately out of the tracts aliened or devised. In the American reports I have found only one case touching the question. *United States Bank vs. Delorac, Wright's Ohio Reports, p.* 285. It is thus cited in 1 *U. S.*

*Eq.*, *Dig.*, *p.* 182, *Sec.* 46 ;—" several creditors levied execu-
"tion upon separate parcels of a debtor's real estate. After
"his death the widow's dower in the whole was set off
" entire upon one of those parcels. The whole was sold and
" proceeds of each lot paid to the creditors, respectively,
"who had levied upon it—Held, that the creditor who had
"levied upon the tract afterwards incumbered with dower,
"was entitled to contribution from the others". In this case,
clearly, the doctrine of contribution was applied to
dower. There is, in *Coulter vs. Holland,* a *dictum* of the
Court adverse to this conclusion. The learned judge in
stating the reason why, generally, the assignment of dower
against alienees and devisees is made out of the several
tracts, remarks ; "otherwise it might, and often would so,
happen that one alienee, purchaser or devisee, might have
his whole land taken for dower without redress ; whilst
another who had purchased or taken subject to dower
would be entirely relieved of the encumbrance." This
remark seems to have been made without a view to any
equitable remedies which might reach such a case, cer-
tainly it was without any special consideration of them.
The question of such equitable redress was not at all
involved in that case, and no opinion given, with re-
spect to it, could be authority, still less, a casual remark
made without examination. I do not propose, at present,
to enter a final decree, but to make an interlocutory
decree that the defendant file an account of the rents,
issues and profits of the Mansion House devised to him,
which have accrued since the date at which the assignmeut
of dower took effect. After the settling of that account,
a final decree will be made for the complainants for
their proper share of the amount ascertained by the ac-
count, and also to secure their rights for the future.