## HEDGES v. MEHRING ET AL.

[No. 10,422. Filed March 30, 1921. Rehearing denied June 1, 1921. Transfer denied October 28, 1921.]

1. CONTRIBUTION.—*Basis.*—*Applicability of Doctrine.*—The right to contribution rests in equity and is based upon natural justice, and applies to any relation where equity between the parties is equality of burden, and one of the parties concerned has discharged more than his share of the common burden. p. 498.

2. CONTRIBUTION.—*Right to Relief.*—It is an unyielding principle of equity that the action of contribution shall never be used to enforce an unjust and inequitable demand. p. 498.

3. JUDGMENT.—*Judgment on Promissory Note.*—*Matters Concluded.*—*Right of Maker to Contribution from Indorsers.*—In an action upon a negotiable promissory note against the maker and indorsers, in which there was no issue formed between defendants, a judgment for plaintiff against all defendants, alike was not conclusive as to defendants' rights between themselves. p. 498.

4. JUDGMENT.—*Conclusiveness.*—*Issues.*—The judgment of a court is only presumptively conclusive when it appears that the suit and the issues were of such a character that the judgment relied upon to show former adjudication of the questions involved in the issues could not have been rendered without deciding the particular questions again presented by the issues of the case under consideration. p. 499.

5. JUDGMENT.—*Conclusiveness.*—*Res Adjudicata.*—*Applicability.*—In an action on a negotiable promissory note against the maker and indorsers thereof, even though the issue of suretyship was submitted to the jury and a verdict returned thereon, if it ap-

pears that the judgment did not cover the issue of suretyship, the rule of *res adjudicata* would not apply, since there was no adjudication of such issue. p. 499.

6. JUDGMENT.—*Conclusiveness.—Right Not Accrued at Time of Rendition.*—Where, in an action on a negotiable promissory note against the maker and indorsers, the right to contribution had not accrued at the time judgment was rendered, such right could not have been adjudicated by the judgment. p. 500.

7. APPEAL.—*Subsequent Appeal.—Law of the Case.—Applicability of Rule.*—The decision in the first appeal becomes the law of the case upon a subsequent appeal, but this rule is applicable only when the interpretation of the facts of the case in the first appeal is in harmony with the facts as presented in the subsequent appeal. p. 500.

8. APPEAL. — *Review. — Theory of Case. — Determination. — Searching Record.*—The court on appeal will look to the whole record to determine the theory upon which a case was tried and disposed of in the lower court. p. 500.

From Marion Circuit Court (23,643) ; *Louis B. Ewbank,* Judge.

Action by Jennie R. Hedges against Orval E. Mehring and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*William F. Elliott, H. J. Everett, Charles Remster, H. H. Hornbrook, Albert P. Smith* and *Paul Y. Davis,* for appellant.

*C. E. Fenstermacher,* for appellees.

NICHOLS, J.—This is the second appeal of this case, the opinion in the first appeal appearing in 65 Ind. App. 586, 115 N. E. 433. After the case was remanded, it was again submitted to the court for trial, which again resulted in a finding and judgment for appellees. There was a motion for a new trial, which motion, based on the decision of the court being contrary to law, was overruled. This is the only error relied upon.

If appellant prevails in this appeal, it must be because the record is in such condition, that, as the maker of a promissory note negotiable under the law merchant, she

can, after paying the same, enforce contribution against appellees as subsequent regular indorsers. But contribution rests in equity, and is based upon natural justice. It applies to any relation where equity between the parties is equality of burden, and one of the parties concerned has discharged more than his share of the common burden. *Norris* v. *Churchill* (1898), 20 Ind. App. 668, 51 N. E. 104. It is an unyielding principle of equity that the action of contribution shall never be used to enforce an unjust and inequitable demand. Brandt, Surety and Guaranty §208; *Bulkeley* v. *House* (1892), 62 Conn. 468, 26 Atl. 352, 21 L. R. A. 247. These principles must be of controlling force in determining the rights of the parties. There is no contention by appellant that as the maker of the note she is justly entitled to recover from appellees, the indorsers. Without regard to the equities, so far as the record shows, she bases her right to recover upon the judgment of the Hancock Circuit Court, which, as we shall hereinafter undertake to show, was, because of the condition of the record in the former appeal, misinterpreted by this court.

The complaint in the Hancock Circuit Court, upon which the original judgment here involved was rendered, declared upon a negotiable note executed by appellant and indorsed subsequently by appellees in due course, with averments that appellant was maker and appellees indorsers. With a verdict for the plaintiff, the judgment thereon as rendered in favor of plaintiff was the only judgment that could have been rendered, regardless of any other pleadings filed therein. It follows that the judgment could have been rendered as it was without deciding as to the relations that the maker and indorsers bore to each other. Such a judgment is not conclusive as to their rights between them-

selves, though it was, in favor of plaintiff, against all of them alike. *Dygert* v. *Dygert* (1891), 4 Ind. App. 276, 29 N. E. 490. *Bulkeley* v. *House, supra.* The rule is well stated in *Paul* v. *Barnbrook* (1914), 58 Ind. App. 607, 106 N. E. 425, as follows: "The judgment of a court is only presumptively conclusive when it

4. appears that the suit and the issues were of such a character that the judgment relied upon to show former adjudication of the questions involved in the issues could not have been rendered without deciding the particular questions again presented by the issues of the case under consideration." If it were to be conceded that the issue of suretyship was sub-

5. mitted to the jury and a verdict returned thereon, it clearly appears that the judgment did not cover the issue of suretyship, and therefore the rule of *res adjudicata* does not apply, for there was no adjudication of the issue of suretyship. To sustain this holding, we cite *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 53 N. E. 829, quoting from p. 564, as follows: "While the jury found that the appellee Robert G. Pasley was surety only on the note and mortgage upon which the Funk judgment and decree were recovered, and the other persons against whom said judgment and decree were rendered were principals, yet said relation was not shown by that judgment. * * * said judgment was joint against said Pasley and the other judgment defendants. Therefore, when appellee Robert G. Pasley took the assignment of the Funk judgment and decree to himself, he could not, * * * take an execution or a copy of the decree thereon, until there had been a final adjudication that he was the surety of the other judgment defendants in said judgment, and an order that execution issue thereon." See also, *Yelton* v. *Slinkard* (1882), 85 Ind. 190; *Oglebay* v. *Todd* (1905), 166 Ind. 250, 76 N. E. 238; 7 Ency. of Evidence

832. At the time the judgment of the Hancock Circuit Court was rendered, the right to contribution had not accrued, and therefore it could not at that time have been adjudicated. *Terre Haute, etc., R. Co.* v. *State* (1902), 159 Ind. 438, 65 N. E. 401; 13 C. J. 823.

Appellant has cited a long list of authorities sustaining the proposition that it is the judgment itself which constitutes the adjudication, that estoppel by adjudication resides in the judgment itself, and that it is not the verdict of the jury that concludes the parties, but the judgment rendered upon such verdict. To this contention we most readily agree, but an examination of the judgment here involved fails to show any determination of rights between the judgment defendants. It is simply a judgment in favor of the plaintiff on his complaint against all of the defendants, nothing more.

It is contended that the decision in the first appeal becomes the law of the case thereafter, and therefore that the court in that decision having held that appellees' rights had been once tried and determined, and that they cannot be litigated again, such holding is now binding upon this court, right or wrong. We are not unmindful of the rule of the law of the case, but its application depends upon whether the interpretation of the facts of the case was in harmony with the facts as presented in this appeal. The court in the former appeal rightly stated the rule that an appellate court will look to the whole record to determine the theory upon which a case was tried and disposed of in the lower court. But the Appellate Court did not have before it the whole record of the case in the Hancock Circuit Court when it assumed as a fact that the trial court and all the parties proceeded on the theory of determining the rights and liabilities of the defendants to Millikan's suit as between

themselves as well as the liability of such defendants to the plaintiff. For the purpose of sustaining this theory, the court in the former decision quoted instruction No. 10 from the record of that appeal as follows: "Under the issues thus formed on the complaint and answer (not answers) thereto and the replies to the *answers* (our italics) are formed the issues which you are to try and determine." But in the instruction as it appears in the record in this appeal instead of *answers* the word *answer* is found. It thus appears from this record that but one answer was referred to. Which answer was it? The one to which replies were filed. There were three paragraphs of reply to appellant's answer of *non est factum* but no reply to appellees' answer. From this it is clear that the issues submitted to the jury were those arising on the complaint and appellant's answer of *non est factum.* There was no dispute as to whether appellant was maker of the note and appellees indorsers, except such as arose by appellant's plea of *non est factum* under which she undertook to prove that she did not sign the instrument sued on. On this issue the jury found against her, both by their general verdict, and their answers to interrogatories. It is apparent that the nine interrogatories submitted were submitted on the issue of *non est factum,* and no other. All of the evidence of appellant together with the evidence of all of the witnesses which she produced was devoted to the question of whether or not she signed the note, and she offered no evidence as to her relations to appellees. The record entries in the Millikan case were not in the record in the first appeal, but they are in this. From them it appears that the trial court treated the second paragraph of answer of appellees, not as a cross-complaint, but as an answer to the complaint to which plaintiff was ruled to reply. No rule was entered against appellant to answer it as a cross-

complaint against her nor did she so answer it.    From
the record entries, not before the court in the first
appeal, it is clear that the trial court did not understand
that an issue between appellant and appellees was pre-
sented by appellees' answer.    That appellant's counsel
did not understand that appellees' second paragraph of
answer was a cross-complaint presenting an issue be-
tween appellees and appellant, is apparent from an ob-
jection made by appellant's counsel to a question
propounded by appellees' counsel, in the record in this
appeal but not in the former, which objection was "for
the reason that there is no issue between the defendant,
Mrs. Hedges and Mr. Mehring, no cross-complaint on
file."    In the first appeal, there were but two of the in-
structions in the record, Nos. 9 and 10.    In the record
in this appeal all of the instructions, twenty-six in num-
ber, are set out.    Instruction No. 8, now before the
court, informed the jury that appellees had filed their
answer in two paragraphs to the plaintiff's complaint.
There was no suggestion that the second paragraph was
a cross-complaint, or that it presented an issue with
appellant.    Instructions Nos. 23, 24 and 25 present
forms of verdict for the use of the jury, but there is no
form presented that suggests an issue between appellant
and appellee.    By instruction No. 11, the court told the
jury that "if the plaintiff has proved the material alle-
gations of his complaint—then your verdict should be
for the plaintiff against all of the defendants," and this
was the verdict of the jury.    Other points of difference
between the records in the two appeals might be pointed
out, but these are sufficient to show that the record in
this case presents a different case from the one, pre-
sented by the record in the former appeal.    Material
evidence in the record in this appeal, and not in the pre-
vious record, shows conclusively that the question of
liability of appellant and appellees, as between them-

selves, was not determined in the original case in the Hancock Circuit Court, and therefore the decision of this court in the former appeal is not the law of the case in this appeal. *Alerding* v. *Allison* (1908), 170 Ind. 252, 260, 83 N. E. 1006; *Thompson* v. *Michigan Mut. Life Ins. Co.* (1914), 56 Ind. App. 502, 105 N. E. 780. We are entirely satisfied that a right result has been reached. Appellant's equities, if any she has, are not against appellees. The judgment is affirmed.

Enloe, J., dissents.