EMMA T. GELDART, Appellant, *v.* BANK OF NEW YORK AND TRUST COMPANY, as Executor, etc., of RICHARD W. GELDART, Deceased, Respondent.

Second Department, June 6, 1924.

Executors and administrators — action by widow to recover amount of purchase-money mortgage executed by herself and her husband on land deeded to them as tenants by entirety — husband paid interest during life — widow paid interest thereafter and sold property — purchaser assumed mortgage and mortgagee then extended time of payment thereby releasing both husband's estate and widow from liability on bond — amount of mortgage was primarily debt of widow — widow is not entitled to recover.

A widow is not entitled to recover from her husband's estate the amount of a purchase-money mortgage executed by herself and her husband on land deeded to them as tenants by the entirety, on the theory of an agreement between them that the husband would pay the amount of the mortgage and that the debt was not a primary liability on the part of the widow, where it appears that though the husband paid the interest during his lifetime, the widow paid the interest thereafter and sold the property and the purchaser assumed the mortgage and had the time of payment thereof extended by the mortgagee, thereby releasing both the husband's estate and the widow from their liability on the bond.

APPEAL by the plaintiff, Emma T. Geldart, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 18th day of February, 1924, upon the verdict of a jury rendered by direction of the court after a trial before the court, a jury having been dismissed by stipulation which provided that the court should direct a verdict with the same force and effect as if a jury were present, and also from an order made on the 8th day of February, 1924, denying the plaintiff's motion for a new trial made upon the minutes.

*J. Hampden Dougherty, Jr.,* for the appellant.

*George W. Martin,* for the respondent.

YOUNG, J.:

Plaintiff began the action to recover against her deceased husband's estate the sum of $10,000, alleging an agreement between them during his lifetime that a mortgage for that amount on property held by them, as tenants by the entirety, should be entirely assumed by him; that he died without paying off the mortgage, and that she, after his death, was obliged to do so. She, therefore, filed a claim for that amount against his estate, and upon payment being refused by his executor, she brought the present action. The facts are as follows:

Richard W. Geldart and the plaintiff, Emma T. Geldart, were husband and wife. In August, 1921, the husband entered into a contract for the purchase of a house with one Christian Meyer. This contract, at the time of the trial, was lost, but Mr. Meyer stated that it was in the usual form. The purchase price was $23,000; $2,000 was paid at the time of the signing of the contract, and $11,000 upon closing of the title, and it provided for the execution and delivery by the husband to Meyer of a bond and mortgage for $10,000 payable in three years. When the deed was delivered on September 1, 1921, it ran to Mr. and Mrs. Geldart, as tenants by the entirety, and the bond and mortgage mentioned were signed by both husband and wife. Mr. Meyer also stated that at the time the deed was delivered Mr. Geldart said that he had $10,000 more with him and would like to pay the full purchase price in cash, but after some conversation, the title was closed as originally intended and the bond and mortgage delivered, Mr. Geldart saying that he expected to pay this $10,000 on the next interest day, but when that time arrived he told Mr. Meyer that he had other use for his money and would not pay it. It was shown that Mr. Geldart paid the interest on the bond down to September 1, 1922. He died November 9, 1922, leaving a last will and testament, which was duly admitted to probate. The executor paid the interest from September 1, 1922, to the time of Mr. Geldart's death, and after his death Mrs. Geldart paid the next semi-annual interest due on March 1, 1923. Shortly after that she sold the house which had been occupied by them as a home and the new purchaser assumed payment of the $10,000 mortgage and an agreement was entered into between Meyer and the new purchaser extending the time of payment of the bond and mortgage for two years. This, all parties concede, relieved Mrs. Geldart and the estate of Mr. Geldart from all liability on the bond. When Mrs. Geldart conveyed the property, after her husband's death, in June, 1923, she sold it for $22,000, and of course $10,000 of this purchase price was paid by the purchaser assuming the mortgage of $10,000. This is the manner in which she paid the $10,000 as alleged in the complaint.

It is contended on this appeal that the $10,000 was primarily the debt of the husband, and that the obligation of Mrs. Geldart on the bond was secondary only; that she mortgaged her property to pay the debt of her husband, and he, having failed to pay the debt, and she, having now paid it, has a valid claim against her husband's estate to recover the amount so paid.

It is conceded that a wife who has mortgaged her separate estate

to secure her husband's debt is entitled to exoneration out of her husband's estate.

The question to be decided is whether the $10,000 represented by the bond and mortgage in question was solely the debt of the husband and not her primary debt; whether she did in fact mortgage her property to secure the debt of her husband.

The difficulty with appellant's entire argument is that it rests upon the erroneous assumption that the bond and mortgage represented solely the husband's debt. The presumption arising from the instruments themselves is of course quite the contrary, and in my opinion that presumption is not rebutted by the fact that, before the conveyance, he alone had been liable under the contract, nor by the fact that he paid the interest and expressed his intention of paying off the mortgage. Had it been his intention to exonerate her from liability for the debt, he alone would have executed the bond. This mortgage secured a part of the consideration paid for the property, and when plaintiff executed the bond she became indebted therefor to the same extent as her husband.

As tenants by the entirety, plaintiff and her husband were each seized of the whole estate, and the mortgage was an incumbrance thereon. It was, therefore, upon her estate in the land and was her debt as well as that of her husband. But upon his death, the mortgage was no longer upon his estate in the land, for there was none. It then continued as an incumbrance upon her estate. Assuming that during their joint lives a right to contribution existed in her favor upon her paying off the mortgage, that right must have ceased upon his death, because his estate then terminated, and could derive no benefit from the payment. Even the liability of his estate to the mortgagee, upon the bond, no longer exists, because by extending the time of payment by the purchaser without the consent of plaintiff or her husband's estate, the mortgagee released such liability.

The right to contribution, exoneration or reimbursement rests on the liability of the person unjustly enriched to return or refund all or part of the enrichment. In the present case the personal estate of the testator has never been benefited or enriched by the loan represented by the bond and mortgage, and any liability on the bond on the part of his estate has admittedly been removed by the extension agreement with the new purchaser.

I advise that the judgment and order be affirmed, with costs.

Present — KELLY, P. J., MANNING, KELBY, YOUNG and KAPPER, JJ.

Judgment and order unanimously affirmed, with costs.