WACHOVIA BANK AND TRUST COMPANY, EXECUTOR AND TRUSTEE UNDER
   THE WILL OF W. L. BLACK, DECEASED, v. AGNES MAE BLACK, WIDOW
   OF SAID W. L. BLACK.

(Filed 22 January, 1930.)

1. **Husband and Wife G a—Executor of husband is liable for one-half of
   amount of joint note given for purchase price of land held by en-
   tireties.**

   Where the husband purchases lands and takes title to himself and
   wife by entireties, and they execute a mortgage on the lands to secure the
   balance of the purchase price, and the husband dies leaving a will from
   which his wife dissents: *Held,* as between the wife and the executor of
   the husband they are liable as joint makers of the note, each for half
   thereof unaffected by the wife's dissent from the will, although she takes
   title to the whole of the lands as the survivor.

2. **Same—Husband and wife are jointly and severally liable on joint note
   given for purchase price of land held by the entireties.**

   Where the husband and wife are joint makers of a note secured by their
   mortgage for the balance of the purchase price of lands held by them by
   entireties, their liabilities on the note are joint and several, C. S., 458,
   3041, 3166, and upon the payment of the note by one of them the other
   may be held liable for contribution, the incidents of the estate not being
   incidents of the note.

3. **Same—Execution against land held by entireties may be had on judg-
   ment on joint note given for purchase price.**

   Under judgment against a husband and wife upon their joint note
   given for the balance of the purchase price of lands held by them by
   entireties, execution may be issued against the land so held.

APPEAL by plaintiff and defendant from a judgment of *Schenck, J.,*
rendered at June Term, 1929, of BUNCOMBE, upon an agreed statement
of facts submitted as a controversy without action under C. S., 626.
Affirmed.

*Bourne, Parker & Jones for plaintiff.*
*Fortune & Fortune for defendant.*

ADAMS, J.   W. L. Black and Agnes Mae Black were husband and
wife.  The husband bought some land and had it conveyed to his wife
and himself.  Thereupon they executed a deed of trust on real property
securing three notes given by them for the purchase price.  W. L. Black
paid the first two notes, but died leaving the third unpaid.  This note
was given to Fairy Owens and husband for $3,000, was dated 22 Decem-
ber, 1925, was payable three years after date, was under seal, and was
in the usual form.  It contained the recital, "For value received we
promise to pay," etc.

W. L. Black made a will appointing the plaintiff his executor and trustee and his widow dissented; but the dissent, it will be seen, is not decisive of the controversy or even material to its determination.

After the plaintiff qualified as executor a question arose as to the liability of the parties to the payees of the note. The plaintiff contended that Black and his wife took an estate by the entirety and that upon the husband's death the wife, as survivor, became the sole owner of the land and is solely liable on the note; or, if not solely liable that she is liable to the extent of one-half the amount due. The defendant contended that she is not liable at all, but if liable, in no event for more than one-half the note.

Upon an agreed statement of facts the controversy was submitted to the Superior Court of Buncombe County and Judge Schenck adjudged that W. L. Black and his wife, by the execution of the note became jointly and severally liable, and that as between the parties the plaintiff is liable to the payment of one-half the note, with interest, and that the defendant is liable to the payment of one-half, with interest. Both parties excepted to the judgment and appealed.

This is an adjudication of the liability of the makers of the note as between themselves, not an adjudication of their liability to the payees. In attacking the judgment the plaintiff suggests that Mrs. Black acquired title to the land (and, indeed, to two other lots which were purchased in like manner and paid for by the husband) as the trustee of a resulting trust. But this position is not defensible. If a husband purchase land with his wife's money and take title in his own name he will usually be declared the trustee of a resulting trust, enforceable by the wife; but if he purchase land with his own money and have the title conveyed to his wife the relation between them will raise the presumption of a gift or of a provision for her support. *Tyndall v. Tyndall,* 186 N. C., 272; *Ricks v. Wilson,* 154 N. C., 282; *Arrington v. Arrington,* 114 N. C., 116.

The quality of the estate by the entirety was not affected by Mrs. Black's dissent from her husband's will. He knew that if she survived him her title could not be divested by his testament. *Todd v. Zachary,* 45 N. C., 286. As indicated, the only question is the liability of the parties *inter se.*

It is unnecessary to summarize the incidents of this anomalous estate. They are comprehensively set forth in *Davis v. Bass,* 188 N. C., 200. If the note in question had been reduced to judgment against the makers an execution could have been issued against the estate which they held by the entirety. *Johnson v. Leavitt,* 188 N. C., 682. This is so because they held the estate under the five-fold unity of interest, title, time, possession, and person. Under the common-law fiction of a unity of person

each was seized of the whole and not merely of a part of the estate. But it does not follow that the judgment could have been collected only out of the estate by the entirety. The note does not recite a special consideration; it was given "for value received" and was "secured by a deed of trust on real estate." The makers were primarily liable jointly and severally. C. S., 458, 3041, 3166; *Roberson v. Spain,* 173 N. C., 23. The unity of person is an incident of the estate created by the conveyance to Black and his wife; it is not incident to the note. As the makers were jointly and severally liable, payment of the whole amount by either would entitle the other, or his representative, to contribution—an equity which arises when one of several parties who are liable on a common debt discharges the obligation for the benefit of all. It results that as between themselves each party is liable for one-half the debt, although the whole title is vested in the defendant as the survivor. The judgment is

Affirmed.