## Pasquinelli v. Reed (et al., Appellant).

Argued November 17, 1953. Before RHODES, P. J., HIRT,, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*John R. Bredin,* with him *Dalzell, Pringle, Bredin & Martin,* for appellant.

*A. H. Rosenberg,* with him *Rosenberg & Rosenberg,* for appellees.

OPINION BY GUNTHER, J., January 19, 1954:

As a result of an automobile collision on July 12, 1949, co-plaintiffs Nello and Irma Pasquinelli brought an action in trespass against defendant James Reed, Jr. Reed filed a counterclaim against co-plaintiff husband, Nello Pasquinelli. The following verdict was awarded after trial:

"And now, to wit: May 8, 1952, we, the Jurors empanelled in the above case, find Nello Pasquinelli and James Reed both guilty of negligence. As to Nello Pasquinelli's claim against James Reed, we find in favor of James Reed. This verdict absolves Mr. James Reed counter suit, and find against James Reed in his counter claim. We reward Irma Pasquinelli the sum of $2,000 compensation against James Reed."

Judgment was entered July 7, 1952. Thereafter, Travelers Insurance Company, appellant, herein, represented by petition to the court below that the company had paid judgment and costs, and prayed that the court enter judgment in its favor against Nello Pasquinelli, as joint tortfeasor, for one-half of the total judgment and costs: Act of June 24, 1939, P. L. 1075, 12 P.S. Sec. 2081. The court below dismissed the petition by order and opinion filed May 8, 1953.

We disagree with the statement of the learned court below that appellant "is not a party to this proceeding and hence not a proper party to bring any action whatsoever without the record disclosing its right and authority so to do." The Supreme Court, in *Goldman et al. v. Mitchell-Fletcher Co.*, 292 Pa. 354, 141 A. 231, (1928) permitted a surety, upon satisfaction of a judgment against its insured, to intervene by petition and to seek contribution from its insured's joint tortfeasor. " 'The general rule is well settled that if a surety has paid a debt, he is entitled to all the securities the creditor had against the principal debtor. If the claim be in judgment, he is entitled to be subrogated of record. Even if the judgment has been marked satisfied on the record, the surety paying is entitled to be subrogated': Wright v. Grover & Baker Co., 82 Pa. 80; Lackawanna Trust & Safe Deposit Co. v. Gomeringer, 236 Pa. 179. Under principles too well established to be gainsaid, appellee, having paid the judgments on which its principal was liable, is entitled to be subrogated to the plaintiffs' rights therein . . ." (Page 357)

Appellant may not obtain contribution from the co-plaintiff in this action because there is no verdict or judgment establishing the fact of that co-plaintiff's liability. Defendant's correct procedure was prescribed in *Fisher v. Diehl*, 156 Pa. Superior Ct. 476, 40 A. 2d 912, (1944) wherein, as in this case, husband and wife

had sued defendant. On page 483, the Court said: "[May] the plaintiff's husband . . . be joined as an additional defendant in her acton for personal injuries? . . . we think the decisions of the Supreme Court, in cases where the underlying facts are very similar, permit this to be done; provided that any judgment obtained against the husband, as additional defendant, may not be enforced by the wife-plaintiff, but is only available to the original defendant by way of contribution . . ."

Appellant cites *Builders Supply Co. v. McCabe,* 366 Pa. 322, 77 A. 2d 368, (1951) in which defendant in an Ohio trespass action sought contribution here from an alleged joint tortfeasor. Justice Horace Stern commented, by way of dictum, at page 335: "Had the accident occurred in Pennsylvania such a right of recovery undoubtedly would exist: Goldman v. Mitchell-Fletcher Co. [supra]" In the *Goldman* case the Court did indeed affirm the obligation of contribution between two joint tortfeasors; however, plaintiff had obtained judgment against both in the first instance. Similarly, in *Howey et al. v. Yellow Cab Co.,* 181 F. 2d 967 (1950) the United States had been properly joined as third-party defendant before trial.

Counsel has not cited nor have we discovered a decision enforcing contribution against one whose liability has not been established by a verdict. Although the precise situation before us does not seem to have arisen before, it has been anticipated by at least one text-writer. A note in 2 *Anderson Pennsylvania Civil Practice,* Page 76, compares the procedure of counterclaim with severance of a co-plaintiff and his joinder as additional defendant: "There is also the disadvantage to the procedure of a counterclaim against the co-plaintiff that arises if the jury find that both the defendant and the co-plaintiff were at fault. In such

case the defendant must lose on the counterclaim, although if such a finding were made in additional defendant proceedings the right to contribution or indemnity could be determined."

Fundamental justice and common sense permit of no other solution. To permit the court now to enter judgment against co-plaintiff would be equivalent to joinder of additional defendant after trial, and a subversion of the jury's verdict. Pa. R. C. P. 2257 provides that, where additional defendants are involved in an action, the triers of fact "shall return, in addition to a general verdict or findings, such specific findings as will determine the issues among all parties." The court below was completely justified in its refusal to interfere with the verdict by which the jury resolved the respective rights and remedies of the parties.

Judgment affirmed.