RE: ESTATE OF AARON KEIL, Deceased: ADA B. KEIL, Appellant, v. SAMUEL F. KEIL and THOMAS M. KEITH, Co-Executors under the Last Will and Testament of Aaron Keil, deceased, THE DELAWARE HOSPITAL, INCORPORATED, a corporation of the State of Delaware, ST. FRANCIS HOSPITAL, INC., a corporation of the State of Delaware, WILMINGTON GENERAL HOSPITAL ASSOCIATION, INC., a corporation of the State of Delaware, HOMEOPATHIC HOSPITAL ASSOCIATION OF DELAWARE, a corporation of the State of Delaware, LADIES BICHOR CHOLEM MOSHEV ZEKENIM SOCIETY AND HACHNOSAS ORCHIM, a corporation of the State of Delaware, Appellees.

(*October* 30, 1958.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Charles L. Paruszewski* for appellant.

*Stewart Lynch* for St. Francis Hospital, Inc., appellee; *Blaine T. Phillips* for the Delaware Hospital, Incorporated, appellee; *Robert H. Richards, Jr.,* and *Stephen E. Hamilton, Jr.* (of Richards, Layton and Finger) for Wilmington General Hospital Association, Inc., and Homeopathic Hospital Association of Delaware, appellees.

Supreme Court of the State of Delaware, No. 16, 1958.

SOUTHERLAND, C. J.:

On December 16, 1954, Aaron Keil and Ada B. Keil, husband and wife, acquired title as tenants by the entirety to certain real estate in the City of Wilmington. On April 11, 1956, they borrowed $8,000, the debt being evidenced by a joint bond, payable in five years, and secured by a mortgage on the property. The proceeds of the loan were used to improve the property.

Aaron Keil died August 5, 1956. His will, dated January 26, 1955, was duly proved. At the time of his death nothing had been paid upon the debt.

Proceedings were had in the Orphans' Court looking to a final decree of distribution of the personal estate of the testator. The executors filed a petition for a final decree of distribution. In effect, they sought instructions from the court upon the ques-

tion whether the estate was liable to the widow in respect of all or any part of the joint debt of $8,000 above referred to.

For the widow it was contended (1) that she was, because of the language of the will, entitled to be wholly exonerated from liability for the debt; and (2), if not entitled to be exonerated, she was entitled to contribution of one-half of the debt.

The legatees contended that she was entitled to nothing.

The Orphans' Court held (1) that the will evidenced no intention that the debt should be paid out of the testator's estate; and (2) that the widow was not entitled to contribution. The widow appeals. She renews here the two contentions made below.

### 1. *The intent of the will.*

The will contained the usual provision directing the executors to pay "all my just debts and funeral expenses." The testator's furniture and a legacy of $35,000 were bequeathed to the wife. A number of other monetary bequests were made to relatives and to certain charitable institutions, and the residue was bequeathed to one of the charitable institutions. The legacy of $35,000 to the wife was first to be paid in full, next the legacies to relatives, and next a certain legacy to one of the institutions.

If the estate must pay the $8,000 debt the funds remaining will be insufficient to pay all of the legacies to the institutions and nothing will be payable to the residuary legatee.

The widow contends that the will evidences an intent that she is to be exonerated from any liability for the debt. The argument runs as follows:

(1) There is an express command to pay all just debts; (2) when the husband made his will the debt had not been created, and he intended her to have the real estate unencumbered; (3) he gave his widow only $35,000 out of a personal

estate of over $122,000 and did not intend that that legacy should be diminished by the payment of any of his debts.

In our opinion these circumstances, considered either separately or together, are not sufficient to raise any inference that the entire $8,000 debt should be paid from the husband's estate. The provision for the payment of debts is merely the standard provision found in most wills, and is merely declaratory of the law. The arguments based on the other two circumstances are merely surmises; no language in the will supports them. The case of *Stieff v. Millikin,* 162 *Md.* 245, 159 *A.* 599, cited by the widow, involved a finding of fact that the debt was the sole obligation of the husband, and that an attempted devise of the land to the wife, though ineffectual, evidenced an intent to exonerate the land from the mortgage debt. It is not in point here.

We find nothing in the will supporting the widow's first contention.

## 2. *The claim of contribution.*

The question is this: If husband and wife jointly incur an indebtedness secured by a mortgage on property held as tenants by the entireties, and one spouse dies, is the estate of the decedent liable to contribute to the survivor one-half of the common debt?

There is no decision of a court of last resort in Delaware upon the question. In addition to the decision below in this case, denying contribution, there is a decision of the Court of Chancery in a like case, granting contribution. See *Carpenter v. Webb,* February 21, 1958, unreported, and later withdrawn by the Chancellor to permit him to resolve certain factual issues found to be in dispute.

There is no dispute about the general principle of contribution. If a lien, charge, or burden of any kind, affecting several, is discharged by one only, he should receive from the rest

what he has paid on their behalf. *Eliason v. Eliason*, 3 *Del. Ch.* 260.

But the application of this principle to cases like the instant case has caused difficulty. There is involved in such a case not only a common burden or obligation arising from the bond or note evidencing the debt, but also the mortgage lien on the land in which both obligors have an interest when the debt is incurred, but which on the death of one passes by operation of law to the other.

There are two lines of decisions in other states dealing with the question, one line denying contribution and the other granting it.

Cases denying contribution are: *Ratte v. Ratte*, 260 *Mass.* 165, 156 *N. E.* 870; *Lopez v. Lopez, Fla.*, 90 *So.* 2d 456; *Gledart v. Bank of New York & Trust Co.*, 209 *App. Div.* 581, 205 *N. Y. S.* 238.

Cases granting contribution are: *In re Dowler's Estate*, 368 *Pa.* 519, 84 *A.* 2d 209; *Cunningham v. Cunningham*, 158 *Md.* 372, 148 *A.* 444, 67 *A. L. R.* 1176; *Brown v. Hargraves*, 198 *Va.* 748, 96 *S. E.* 2d 788; *Wachovia Bank & Trust Co. v. Black*, 198 *N. C.* 219, 151 *S. E.* 269; *Magenheimer v. Councilman*, 76 *Ind. App.* 583, 125 *N. E.* 77; *Newson v. Shakleford*, 163 *Tenn.* 358, 43 *S. W.* 2d 384.

The reasoning of the first line of decisions is that at the time when the debt is paid there is no common burden upon the land subject to the mortgage lien because the title has passed to the surviving spouse. It is therefore held inequitable to compel contribution from a joint debtor who has no interest in the land. In this view the debt is treated as a mere incident to the mortgage lien, and the right to contribution between joint debtors thus is made to depend upon the nature of the collateral held by the creditor. This view is approved in two articles in 13 *Pittsburg L. Rev.* 760 and 3 *Hastings L. Jour.* 161.

■■ The reasoning of the second line of cases is founded upon the well-settled principle that where two or more persons are under a common burden or liability the joint debtor who is compelled to pay more than his share is entitled to contribution from his co-obligors. In this view the right of contribution flows from the debt, not from the mortgage lien. The incidental existence of collateral in the hands of the creditor is regarded as immaterial in enforcing this right.

Of the two lines of reasoning we think that the latter expresses the correct view, for the following reasons:

A joint and several obligation of two parties, whether or not husband and wife, creates an obligation which is, on its face, for the benefit of both. Upon the death of one party his estate is still liable for the debt. And if the right of contribution, upon payment of the debt during the lifetime of both, is an attribute of the joint liability, we fail to see why it does not exist upon payment made after the death of one. The payment of the debt by the survivor is certainly a benefit to the estate because it discharges a liability of the estate. This is true whether or not there is any collateral in the hands of the creditor. Certainly if there were no collateral contribution would be allowed. And what of the case in which one obligor has pledged his own collateral for a joint debt? Unless his co-obligor is a mere accommodation maker, it is held that he is entitled to contribution. *Commerce Union Bank v. Weis*, 27 *Tenn. App.* 433, 181 *S. W.* 2d 764. In such a case the co-obligor has no interest in the property—the collateral—but must contribute if the other obligor discharges the common liability.

There are of course cases in which the right of contribution flows not from a joint debt but from a common interest in property subject to a lien. See *Eliason v. Eliason, supra.* In that case a widow's dower was charged by will on land specifically devised, and the owner of that land was held entitled to contribution from the devisees of other lands which by law were subject to her dower.

The authorities denying contribution seem to us to treat cases involving mortgage liens on estates by the entirety exactly as cases in which there is no joint debt, at least in cases of purchase money mortgages. The debt is treated as a mere incident of the mortgage lien. Thus the *Lopez* case goes so far as to hold that the attributes of the estate by the entireties, which constitutes the collateral security, become the attributes of the debt itself—the bond or note. The case holds that the debt, like the land, must be considered, as between the tenants themselves, as being a debt owed wholly by the wife and wholly by the husband. We do not think that this holding agrees with Delaware law. A joint and several obligation under our law may be enforced by the creditor against both or either; but as between obligors each of them, in the ordinary case, is liable for one-half the debt.

In our opinion, a common interest in the land or property mortgaged or pledged for a joint debt is not the element that controls the right to contribution. The liability to contribution flows directly from the debt, and the mortgage is only the security for the debt.

Counsel for the legatees make the point that the proceeds of the loan were in this case used to improve the jointly-owned property, and that the wife will now receive the benefit of the loan. Of course at the time the loan was made it was for the benefit of both. And this argument suggests a rule that the use of the proceeds of the loan may determine the existence or non-existence of the right to contribution. This would, in our opinion, be a rule difficult of application. Of course, if it can be shown that one of the parties was in fact only an accommodation maker of the obligation contribution would be denied. But that is not shown here. This is the ordinary case of a joint debt, contracted by both parties for their common benefit. In such a case we think the estate of the deceased debtor is liable to contribute one-half of the debt.

A further observation must be added. Both parties agree that although the debt in this case has not been paid the execu-

tor is entitled to instructions respecting his liability. Consequently, we have not considered or passed upon the question whether contribution may be enforced prior to payment. Nor do we consider what provisions should be incorporated in the decree of distribution to protect the rights of the widow.

For the reasons above stated, we are compelled to disagree with the holding in this case by the Orphans' Court, and to agree with the holding of the Court of Chancery in the Carpenter case above referred to.

It follows that the judgment below must be reversed.

The cause is remanded to the Orphans' Court of New Castle County, with instructions to vacate the judgment below, and to enter a judgment consistent with this opinion.

BRAMHALL, Justice (dissenting).

The opinion of the majority rests entirely upon the joint and several obligations of the husband and wife to the mortgagee. The majority say that the liability of both continued after the death of the husband and his obligation became a debt of the estate; that the payment of an indebtedness by one or more co-obligors is for the benefit of all and that the one making the payment is therefore entitled to contribution from the other. The majority further hold that the fact that the mortgaged property passed to the wife as surviving tenant by the entireties, and did not therefore constitute one of the assets of the estate, is, as between the co-obligors, immaterial. With the latter conclusion I disagree.

I do not think that the existence of a joint and several obligation in this case is necessarily controlling or that the fact that the property is held by husband and wife as tenants by the entireties is of no importance. As I view the opinion of the majority it ignores completely the fact that the property upon which the mortgage was placed was held by husband and wife as tenants by the entireties; the fact that the property was given as security or collateral for the obligation; the fact that the pro-

ceeds of the mortgage were used for the improvement of the property; the fact that by reason of a contribution from the estate of the husband of one-half of the amount due under the mortgage the widow would receive a windfall or unjust enrichment, to which she would not be equitably entitled.

As between joint debtors a joint obligation establishes nothing beyond showing a joint liability on the part of the debtors to the creditor. The question as to what portion of the debt each defendant should pay, or the right to contribution at all, is a matter resting entirely between the joint debtors; it is not in any respect adjudicated by the responsibility of the debtors to the creditor. See 13 *Am. Jur.*, Contribution, Section 60, p. 55.

The right of contribution is a personal obligation entirely distinguished from and independent of the original contract. Its underlying principle is that parties having a common interest in a subject matter shall bear equally any burden affecting it and that no one shall bear a common burden in ease of the rest. *Eliason v. Eliason*, 3 *Del. Ch.* 260, 263. It is founded not upon contract but upon principles of equity and fundamental justice. See 13 *Am. Jur.*, Contribution, p. 9. It can never be used to enforce an unjust and inequitable demand. *Hedges v. Mehring*, 76 *Ind. App.* 496, 130 *N. E.* 423; *Pasquinelli v. Reed*, 101 *Pittsb. Leg. J.* 220, affirmed 174 *Pa. Super.* 566, 102 *A.* 2d 219. See 18 *C. J. S.* Contribution § 2, p. 4. The debt here is a joint and several obligation. In this State husband and wife hold property as tenants by the entireties *per tout* and not *per my*, that is, each holds a fee simple title to the whole property subject to being divested by his or her death prior to the death of the survivor. Upon the death of the husband his interest ceased, leaving the widow as the sole owner in fee simple under the original conveyance. *In re Cochran's Real Estate*, 31 *Del. Ch.* 545, 66 *A.* 2d 497.

At the time of the creation of the obligation the property subject to the mortgage was owned by both the widow and deceased as tenants by the entireties. Upon the death of the hus-

band, his interest thereby being extinguished, the wife became the sole owner subject to the mortgage. A situation thus arose where, although the property given as collateral for the payment of the bond and mortgage then became the sole property of the widow, the obligation of the estate of the deceased husband and the widow to the mortgagee remained.

I think that it would be inequitable to permit the widow under such circumstances to require the estate of her deceased husband to contribute an equal share of the amount due under the mortgage. In the first place, she would thereby receive a windfall or unjust enrichment, to which she would not be equitably entitled. Prior to the death of her husband each cotenant as one of the tenants by the entireties owned the property in question subject to a mortgage of $8,000. Assuming that the property was worth $20,000, there was an equity of $12,000. If the widow now should pay off the full amount of the mortgage, as I think she should, the amount of the equity would remain unchanged. However, if she should be permitted to compel the estate of her deceased husband to pay off one-half the amount due under the mortgage, or $4,000, she would then own the property subject only to a lien of $4,000, giving her an equity of $16,000 instead of $12,000. Under such circumstances the widow is claiming contribution in a case where she has sustained no detriment against one who no longer has any interest in the property mortgaged as security for the payment of the obligation, as to which there is no common burden because of the passage of title to the surviving spouse. This is neither equitable nor just. *Ratte v. Ratte*, 260 *Mass.* 165, 156 *N. E.* 870; *Lopez v. Lopez, Fla.*, 90 *So.* 2d 456; *Geldart v. Bank of New York & Trust Co.*, 209 *App. Div.* 581, 205 *N. Y. S.* 238. See also 13 *Pittsb. L. Rev.* 760; 25 *Temple Law Quarterly* 521; 3 *Hastings L. Jour.* 161.

Secondly, before the widow may recover contribution against the estate of her deceased husband, she must apply the collateral—the value of the equity in the property—to the payment of the obligation. Since it is conceded that the property is

well worth any amount which might be due under the mortgage, the widow would actually have no claim to contribution.

It is a fundamental rule of equity that when one of two joint obligors claim contribution from the other he is bound to share the proceeds of any security which he may have redeemed by discharging the debt. *Cochran v. Walker,* 82 *Ky.* 220, 56 *Am. Rep.* 891; *Labbe v. Bernard,* 196 *Mass.* 551, 82 *N. E.* 688, 14 *L. R. A., N. S.,* 457; *Vandiver v. Pollak,* 107 *Ala.* 547, 19 *So.* 180; *Chappell v. John,* 45 *Colo.* 45, 99 *P.* 44; *Restatement of the Law* (Restitution), Sec. 85, p. 377. When one cotenant pays off a debt for himself and one or more others as a necessary incident thereto, he has protected the interest of the other co-obligors. It is for this reason that he is allowed contribution. In the case of property of tenants held by the entireties, however, upon the death of one cotenant his interest in the property ceases and there is no interest—at least as far as the property is concerned—to protect. It is true that the bond is indeed an indebtedness against the estate but in my opinion that amounts only to a secondary obligation after the collateral—the equity in the property—has been applied to the payment of the bond and mortgage. It seems inequitable and contrary to the principles of fundamental justice to require the estate of a deceased tenant by the entireties to contribute toward paying off an incumbrance on the property of another.

In other similar situations, where a co-obligor has an interest in the property subject to the mortgage, he would not—as between him and the other co-obligors—be primarily liable for the payment of the mortgage; his liability would arise only after the collateral in which he no longer had an interest was applied to the payment of the obligation. Suppose a case of a joint tenant co-mortgagor who sells his interest to his cotenant. Although formerly an owner and primarily liable, he now has no interest in the property. As between the owner and the grantor-mortgagor the land is the primary fund out of which the mortgage should be paid; the owner cannot claim that the mortgagor should pay off the mortgage and thus exonerate the land al-

though the mortgagor remains personally liable for any deficiency. See *Equitable Trust Co. v. Shaw,* 22 *Del. Ch.* 47, 194 *A.* 24. See also *Pomeroy's Equity Jurisprudence,* § 1205, p. 613, notes 16 and 17. I think that the equitable principle enunciated in the cases referred to in *Pomeroy* are applicable here.

I am unable to accept as a sound principle of law appellants' contention that because the transfer in this case arose by reason of the death of one tenant by the entireties and not by purchase the same principle of law should not apply.

For the reasons above set forth it is my opinion that the right of the widow to contribution should be denied and that the judgment of the Orphans' Court should be affirmed.

*(November* 25, 1958.)

1. APPEAL AND ERROR.
   A point mentioned in the brief but expressly abandoned at the argument cannot be raised on reargument.

2. PARTIES.
   Party having no interest in property involved in suit is not entitled to intervene.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Charles L. Paruszewski* for appellant.

*Stewart Lynch* for St. Francis Hospital, Inc., appellee; *Blaine T. Phillips* for Delaware Hospital, Incorporated, appellee; *Robert H. Richards, Jr.,* and *Stephen E. Hamilton, Jr.,* (of Richards, Layton and Finger) for Wilmington General Hospital Association, Inc., and Homeopathic Hospital Association of Delaware, appellees; *H. Albert Young* and *Bruce M. Stargatt* for Ladies Bichor Cholem Moshev Zekenim Society and Hachnosas Orchim, appellee.

Supreme Court of the State of Delaware, No. 16, 1958.

Petitions for reargument and for intervention. Petitions denied.

SOUTHERLAND, C. J.:

### On Petition for Reargument

██ Counsel for certain of the legatees takes exception to the following statement in our opinion of October 30, 1958, 145 *A*. 2d 563:

"The payment of the debt by the survivor is certainly a benefit to the estate because it discharges a liability of the estate."

It is said that this statement is incorrect, because the estate in in this case now has no liability for the debt. Of course the only pertinency of this suggestion is to show that the debt has not been paid by the estate and will not be paid. Although the point was mentioned in the brief it was expressly abandoned at the argument. As we said in the opinion, the parties agreed that the executor was entitled to instructions, and we therefore did not consider or pass upon the necessity of payment as a prerequisite to contribution. It is now too late for the legatees to raise this question.

The petition for reargument is denied.

### Petition to Intervene

In our opinion of October 30, 1958, we referred to the case of *Carpenter v. Webb*, now pending in the Court of Chancery, ...... *A*. 2d ....... The plaintiff in that case now petitions to intervene in this Court for the purpose of reargument.

██ Since the petitioner has no interest in the property involved in the suit before us, she is not entitled to intervene. 67 *C. J. S.* Parties § 57, p. 981. If the petition is treated as one for leave to appear as *amicus curiae* on reargument, it is unavailing since reargument has been denied.

The petition for leave to intervene is denied.

BRAMHALL, J., although adhering to his opinion upon the merits of the case, concurs in the foregoing opinion.