PIETRO, APPELLEE, *v.* LEONETTI, EXR., APPELLANT.

[Cite as Pietro v. Leonetti (1972), 30 Ohio St. 2d 178.]

(No. 71-540—Decided May 24, 1972.)

*Messrs. Danaceau, Brown, Hausler & Rothschild* and
*Mr. Robert E. Danaceau,* for appellee.
*Mr. Albert Leonetti,* for appellant.

CORRIGAN, J. The issue presented is whether or not a surviving spouse, who owned real property with her husband as joint tenants with the right of survivorship, is entitled to receive contribution from her husband's estate where she has since sold the property and discharged all liability on a joint and several mortgage note which both she and the decedent had signed as co-makers. We are of the

opinion that such a surviving spouse is entitled to receive contribution.

This case is one of first impression in Ohio and we must look to other jurisdictions for authority.

We note first that it was pointed out in *Kershaw Estate* (1945), 352 Pa. 205, at 206, 42 A. 2d 538:

"It is wholly immaterial that the mortgaged property, passing to the wife as surviving tenant by the entireties, did not constitute one of the assets of decedent's estate. The *controlling fact* is that he, together with his wife, was personally liable on the bond; that liability continued after his death and therefore constituted a debt of his estate: *Black's Estate*, 341 Pa. 264, 272, 19 A. 2d 130, 134." (Emphasis added.)

The facts herein presented indicate that both Joseph and Genevieve signed a mortgage note which read: "* * * the undersigned jointly and severally promise to pay * * *."

R. C. 2117.31 reads, in part:

"When two or more persons are indebted in a joint contract, or upon a judgment founded on such contract, and either of them dies, his estate shall be liable therefor as if the contract had been joint and several, or as if the judgment had been against himself alone."

Thus, but for Genevieve's discharge, the mortgage note comprised a valid and enforceable claim against Joseph's estate.

As was stated in *Keil* v. *Keil* (1958), 51 Del. 351, at 356, 145 A. 2d 563:

"A joint and several obligation of two parties, whether or not husband or wife, creates an obligation which is, on its face, for the benefit of both. * * * The payment of the debt by the survivor is certainly a benefit to the estate because it discharges a liability of the estate."

In *Underwood* v. *Ward* (1954), 239 N. C. 513, 515, 80 S. E. 2d 267, the court said:

"Upon the execution of the notes the makers become primarily liable, jointly and severally, for the payment

thereof; and as between the plaintiff and her husband's estate the liability of each is for the payment of one-half of the amounts owing when the husband died. This is the explicit holding in *Wachovia Bank & Trust Co.* v. *Black,* 198 N. C. 219, 151 S. E. 269.''

Ample authority exists to support our conclusion that the right of contribution exists where, upon the decease of one of two joint obligors on a mortgage note, and payment in full of that note is made by the remaining obligor, the estate of the deceased is liable to pay one-half of the obligation. *Cunningham* v. *Cunningham* (1930), 158 Md. 372, 148 A. 444; *Wachovia Bank & Trust Co.* v. *Black, supra* (198 N. C. 219); *Newson* v. *Shackleford* (1931), 163 Tenn. 358, 43 S. W. 2d 384; *Kershaw Estate, supra* (352 Pa. 205); *Dowler Estate* (1951), 368 Pa. 519, 84 A. 2d 209; *Underwood* v. *Ward, supra* (239 N. C. 513); *Brown* v. *Hargraves* (1957), 198 Va. 748, 96 S. E. 2d 788; *Keil* v. *Keil, supra* (51 Del. 351); *In re Estate of Rosenthal* (1967), 34 Wis. 2d 402, 149 N. W. 2d 585; *In re Estate of Linker* (Colo. App. 1971), 488 P. 2d 1128.

The Wisconsin case, styled *In re Estate of Rosenthal, supra,* presented the precise question with which we are herein concerned. The court, in that case, recognized the existing conflict of authority on the subject and found that ''the right of survivorship passes title to the property immediately but does not remove the liability of the husband which was created at the time of purchase.'' We are in accord, and it is our determination that Genevieve Pietro is entitled to receive contribution.

*Judgment affirmed.*

Schneider, Stern and Brown, JJ., concur.
O'Neill, C. J., Herbert and Leach, JJ., dissent.

Herbert, J., dissenting, Under the facts before us, the majority's decision results in this estate being obligated for one half of the liability, but being entitled to vir-

tually none of the benefits, resulting from the disposal of this property. Equity has historically abhored such a result, and contribution is predicated upon equitable principles.

O'NEILL, C. J., and LEACH, J., concur in the foregoing dissenting opinion.