## Bowen v. Red Wing Co., Inc.

*Thomas A. Walrath,* and *Linton & Walrath,* for plaintiff.

*Thomas E. Wilcox, John D. Lewis* and *Owlett, Cox, Wilcox & Owlett,* for defendant.

WEBB, P. J., December 3, 1960.—This matter comes before us on preliminary objections in the nature of a demurrer.

The essential facts as revealed in the pleadings are as follows: On May 17, 1957, a tractor-trailer owned by Herbert DeCeilio, driven by John Hall, and leased to Red Wing Co., Inc., whose cargo it was then transporting, collided with a vehicle owned and driven by Jay Bowen on Route 6 in Charleston Township, Tioga

County. As a result of such collision, Herbert DeCeilio brought suit to no. 51, January term, 1959, against Jay Bowen for damages to the tractor-trailer. Red Wing Co., Inc., brought suit against Jay Bowen for the loss of cargo to no. 9, November term, 1958. Bowen answered the complaint in the latter case and filed a counterclaim. On December 28, 1958, an order was entered consolidating both actions for trial, each case, however, retaining its separate identity. At the conclusion of the court's charge, there was submitted to the jury, inter alia, the following questions:

1. Was Jay Bowen guilty of any negligence that caused or contributed to the accident?

2. Was Red Wing Co., Inc., through its agent John Hall, guilty of any negligence that caused or contributed to the accident?

The jury answered both questions in the affirmative and returned a general verdict of $4,000 in favor of DeCeilio and against Jay Bowen to no. 51, January term, 1959. In the case of Red Wing Co., Inc., v. Jay Bowen, no. 9, November term, 1958, in which Jay Bowen had counterclaimed, the jury found both Jay Bowen and Red Wing Co., Inc., guilty of negligence and returned a verdict for Jay Bowen on Red Wing Co., Inc.'s, claim, and for Red Wing Co., Inc., on Jay Bowen's claim. Subsequently, motions for a new trial by DeCeilio and Jay Bowen were withdrawn and a judgment on the verdict in each case was entered. The judgment on behalf of DeCeilio against Jay Bowen was paid and satisfied of record.

Jay Bowen now brings this action in assumpsit under the Uniform Contribution Among Joint Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2082, seeking to recover $2,033.50, or one-half of the judgment entered against Jay Bowen to no. 51, January term, 1958. To the complaint filed in this case, Red Wing Co., Inc., now demurs.

Red Wing Co., Inc., argues that there has been no adjudication in one action that both Jay Bowen and Red Wing Co., Inc., were joint tortfeasors. The suit of DeCeilio v. Jay Bowen, no. 51, January term, 1959, adjudicated only that Jay Bowen was negligent and was alone liable to plaintiff DeCeilio. Counsel points out that the case of Red Wing Co., Inc., v. Jay Bowen, and Jay Bowen's counterclaim, no. 9, November term, 1958, adjudicated only that Red Wing Co., Inc., and Jay Bowen were negligent in relation to each other. He further argues the only way Jay Bowen could have protected himself was to have brought Red Wing Co., Inc., in as an additional defendant in the case of DeCeilio v. Jay Bowen, no. 51, January term, 1959. The question of joint liability would then have been properly adjudicated, and, by his failure not to do so, he is now debarred from ever recovering against Red Wing Co., Inc., as a joint tortfeasor.

We readily agree with counsel that there has been no adjudication that Jay Bowen and Red Wing Co., Inc., are joint tortfeasors. Whether because of Bowen's failure to bring Red Wing Co., Inc., in as additional defendant Bowen is now barred from any possibility of recovery against Red Wing Co., Inc., as a joint tortfeasor, is the real question before us.

In support of his position, counsel cites the case of Pasquinelli v. Reed, 174 Pa. Superior Ct. 566. In that case Nello and Irma Pasquinelli, his wife, sued James Reed for damages growing out of an automobile accident. Reed filed a counterclaim against Pasquinelli, the husband. The jury returned the following verdict: "And now, to wit: May 8, 1952, we, the Jurors empanelled in the above case, find Nello Pasquinelli and James Reed both guilty of negligence. As to Nello Pasquinelli's claim against James Reed, we find in favor of James Reed. This verdict absolves Mr. James Reed's counter suit, and find against James Reed in his coun-

ter claim. We reward Irma Pasquinelli the sum of $2,000 compensation against James Reed."

This case and the case at bar are similar in that the jury found both parties negligent but not as joint defendants.

Reed's insurance carrier filed a petition praying that the court enter judgment against Nello Pasquinelli for one-half of the judgment and costs on the theory that he was a joint tortfeasor. The court refused for the reason that there was no verdict or judgment establishing the fact that Pasquinelli and Reed were joint tortfeasors. The court goes on to say that the proper procedure would have been for Reed to have brought Pasquinelli in as an additional defendant. In that case, the proceeding was by petition for judgment against Reed for one-half of the verdict because the jury had found both Reed and Pasquinelli guilty of negligence. However, in the case at bar, Bowen has brought an action in assumpsit to determine on the *merits* whether or not Red Wing Co., Inc., was, in fact, a joint tortfeasor. It should be noted in this connection that the Pasquinelli case was decided under the Act of June 24, 1939, P. L. 1075, 12 PS §2081, which provided for contribution among joint tortfeasors and has since been repealed.

The Act of June 24, 1939, was superseded by the Act of July 19, 1951, P. L. 1130, 12 PS §2082, et seq. Section 1 of that act defines joint tortfeasors as follows:

"For the purpose of this act, the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them."

Section 2 of the act provides inter alia:

"The right of contribution exists among joint tortfeasors."

We interpret this definition to mean that two or more persons must be *liable* in tort for the same injury to persons or property of another and that a *judgment* must be secured against *at least one* of them in the first instance before that person can look for contribution against another joint tortfeasor. By implication then, in view of the fact that the right of contribution exists between joint tortfeasors, the person against whom a judgment has been entered has the right to seek in a separate action contribution from one or more other tortfeasors. It is the fact of a judgment against at least one tortfeasor that is essential and is the basis for the claim of contribution.

That this is the intent of the act is further evidenced by the commissioner's note to section 1 of the act, 9 U. L. A. page 233, which is as follows:

"Thus if the injured person, P, is hurt by the concurrent negligence of A and B and recovers judgment in a suit only against A, *contribution* may be recovered by A against B in a *separate* action. . . ." (Italics supplied.)

There is no doubt that it would have been much better practice if Red Wing Co., Inc., had brought Bowen in as additional defendant in the suit of De-Ceilio against Red Wing Co., Inc. It would have simplified matters, and all the issues would have been resolved in one action. However, we find nothing in the statutes nor do we find any decisions under the Act of 1951 that makes such joinder mandatory or prohibits one who has had a judgment entered against him for a tort from seeking contribution by bringing a separate suit to establish that one or more other persons were jointly liable with him for the same tort.

### Order

And now, December 3, 1960, the motion for demurrer is dismissed, and defendant is directed to answer within 20 days from the date of this decree.