**Fox v. Balodis (No. 2)**

*Donald B. Smith*, for petitioners.

*William R. Cameron*, for respondent.

FULLAM, J., September 1, 1965.—Defendant, Peter Balodis, negligently operated an automobile and was found liable to the original plaintiffs in the sum of

$4,000. Balodis was protected by two liability insurance policies, one issued by Harleysville Insurance Company and the other issued by Bankers Insurance Company of Pennsylvania. Neither company was willing to pay the verdict, and plaintiffs issued attachment execution, naming both insurance companies as garnishees.

In Fox v. Balodis, 33 D. & C. 2d 733 (1964), this court held that, in the attachment execution proceeding, the court would not determine the relative rights of the two insurance companies with respect to each other, but only the rights of plaintiffs with respect to each company. It was determined that plaintiffs were entitled to judgment against the garnishee, Bankers Insurance Company, in the full amount of the verdict, $4,000, with interest and costs, and against the other garnishee, Harleysville Insurance Company, in the amount of five-sevenths of the verdict, $2,857.14, with interest and costs; but that plaintiffs were entitled to only one recovery under either or both of these judgments.

Thereafter, Bankers Insurance Company paid plaintiffs the full amount of the judgment and costs, and obtained an assignment of plaintiffs' judgment against the other garnishee, Harleysville. Harleysville has now obtained a rule to show cause why the judgment against it in the attachment proceedings should not be marked "satisfied".

There are several reasons for our conclusion that Bankers is not entitled to proceed against its cogarnishee in this proceeding. In the first place, the decision of this court referred to above, to the effect that we would not determine the relative rights of the two companies between each other, established the law of the case and became res judicata. This is still the same attachment execution proceeding, between the same parties. In the second place, the only possible basis of

Bankers right to proceed as is now being attempted is the theory of contribution; but Harleysville's liability, insofar as Bankers is concerned, has never been established. There is no authority for enforcing contribution against one whose liability has not been established by a verdict or judgment: Pasquinelli v. Reed, 174 Pa. Superior Ct. 566, 569 (1954).

And finally, Bankers' arguments overlook the essential distinctions between the underlying judgment and the judgments in attachment execution proceedings. All that the garnishee judgments established was that, for the satisfaction of the underlying judgment in the trespass action, certain assets were available, namely, the sum of $4,000 owed defendant by Bankers, and the sum of $2,857.14 owed defendant by Harleysville. If Balodis had a bank account and plaintiff named the bank as garnishee, in place of Harleysville, no one would seriously suggest that Bankers would have any right to proceed directly against cogarnishee in the fashion now being attempted.

The confusion in the present case arises because, by virtue of the coinsurance clause in the Harleysville policy, the very existence of Bankers as cogarnishee has the effect of limiting and reducing the amount of assets in Harleysville's hands which are available for the satisfaction of the underlying judgment against Balodis in the trespass action, but this fact should not be allowed to obscure the true status of the two companies as garnishees.

Bankers is not without remedy. The usual method of enforcing a right of subrogation, by an action in assumpsit (e.g. Employers Mutual Casualty Co. v. Pennsylvania Threshermens & Farmers Mutual Casualty Insurance Co., 9 D. & C. 2d 298 (1956)), is still available. Contrary to Bankers' present contention, this would not involve relitigating matters already decided. As indicated in our earlier opinion above re-

ferred to, not only has this court refused to decide these matters, but there are excellent reasons for supposing that the liability of these companies with respect to each other may involve quite different considerations from those involved in our disposition of the present proceedings.

While we are of opinion that both garnishee judgments in this proceeding should be satisfied, we are also of opinion that petitioner, Harleysville, is liable for one half of all costs in the attachment execution.

### ORDER

And now, September 1, 1965, for the reasons set forth in the foregoing opinion, the rule to show cause why the judgment entered on April 15, 1964, against Harleysville Insurance Company should not be marked satisfied is hereby made absolute, and Bankers Insurance Company of Pennsylvania, the present holder of said judgment, is directed to cause the same to be satisfied of record, upon payment or reimbursement of one half of the record costs in this proceeding.